VALERIE A. WEBBER, Plaintiff-Appellee, v. DEAN P. BEDNARCZYK, Defendant-Appellant.

First District (4th Division)    No. 1—96—0777

Opinion filed March 27, 1997.

Galvin, Lowery & Meade, of Chicago (Michael J. Raiz, of counsel), for appellant.

Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of Orland Park (Michael J. Marovich, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

The defendant appeals a finding by the circuit court of Cook County that the defendant did not participate in an arbitration hearing in good faith and in a meaningful manner in violation of Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) and appeals the sanction that was entered against him as a consequence. Defendant was barred from rejecting the arbitration award as a sanction. We reverse.

Plaintiff alleged in her complaint that defendant negligently col-

lided his car into her car. Defendant denied in his answer that he was negligent, and he filed an affirmative defense that plaintiff was contributorily negligent.

Both plaintiff's and defendant's depositions were taken.

On June 27, 1995, discovery was closed, and the cause was assigned to mandatory arbitration.

Defendant filed a Supreme Court Rule 90(c) notice of intent to offer into evidence at the arbitration hearing plaintiff's medical reports, which revealed the following. As a child, plaintiff had poliomyelitis affecting the left leg. In November 1993, plaintiff complained to her doctor of low-back pain and weakness in her left leg. Her doctor's assessment was "left sided weakness possibly secondary to polio" and "back strain, secondary to possible automobile accident." Plaintiff was referred to another doctor for "evaluation of the polio," and physical therapy was ordered for the back pain. A December 1993 laboratory report found no electrophysiological evidence of post-polio syndrome.

On September 21, 1995, the arbitrators awarded plaintiff $10,500. The arbitrators did not make a finding that defendant participated in bad faith, and the arbitration award did not state whether plaintiff sought such a finding. Defendant rejected the award on October 11, 1995.

On October 24, 1995, plaintiff filed a motion to strike defendant's rejection of the arbitration award, and she argued that defendant denied that he negligently caused the collision and that defendant filed an affirmative defense claiming that the plaintiff was contributorily negligent. Plaintiff also argued that, despite defendant's deposition testimony that he was not paying attention while driving, in the arbitration hearing defendant denied liability and argued that plaintiff contributed to the collision because she failed to keep a proper lookout for vehicles before she turned left.

In her motion, plaintiff also gave the following as reasons why defendant did not participate in the arbitration in good faith: (1) prior to the arbitration hearing defendant refused to admit liability without any basis to do so; (2) defendant failed to conduct a reasonable investigation of the facts before filing his frivolous affirmative defenses; (3) defendant failed to withdraw the affirmative defense after defendant's deposition clearly established that it was erroneously filed; (4) defendant argued in a letter written to plaintiff's attorney before arbitration (a) that plaintiff was referred to a second doctor for the purpose of evaluating her polio and (b) that only some of the damages submitted by plaintiff were related to the accident; (5) at the arbitration hearing defendant did not present any medical

testimony in support of the polio argument and the medical records rebutted that argument; (6) defendant introduced documents pursuant to Supreme Court Rule 90(c) in support of an argument that plaintiff's childhood polio was a cause of her medical treatment; and (7) defendant argued without any basis at the arbitration hearing that plaintiff was contributorily negligent.

At the same time that plaintiff filed the motion to strike, she filed the following supplemental interrogatories, to which defendant objected:

"1. Please state any and all case names and Court numbers of any and all cases filed in the Circuit Court of Cook County that were assigned to Mandatory Arbitration in which the law firm of Galvin, Mordini, Schwartz and Meade represented any Defendant sued or which had Allied American Insurance Company as an insurer for any sued Defendant.

2. Please indicate the awards that were entered in the disclosed cases in response to Interrogatory number 1 above and whether the Defendant, in said cases, accepted or rejected the Arbitration Award."

Plaintiff moved the circuit court on November 28, 1995, for leave to open discovery for the limited purpose of filing arbitration interrogatories in an effort to discover relevant information for plaintiff's motion to strike defendant's rejection of the award of arbitration. Plaintiff also filed "additional interrogatories regarding arbitration," which were identical to the supplemental interrogatories.

On November 28, 1995, the trial court gave plaintiff leave to reopen discovery and ordered defendant to answer the additional interrogatories.

On December 21, 1995, defendant filed an emergency motion for a protective order and for rulings on defendant's objections to plaintiff's additional interrogatories. The trial court denied the motion for a protective order and overruled defendant's objections.

On January 23, 1996, the trial court granted plaintiff's motion to strike defendant's rejection of the arbitration award and barred defendant from rejecting the arbitration award. The trial court noted orally that a prudent practitioner would have withdrawn the affirmative defense after the depositions of the parties were taken. The trial court also noted that the rejection was not meaningful. The trial court adopted the reasons argued by plaintiff. Judgment of $10,500 was entered on the arbitration award, and the trial court further found that there was no just reason to delay enforcement or appeal.

Defendant filed a notice of appeal.

## I. Sanctions

Defendant first argues on appeal the following. The trial court abused its discretion in striking its rejection of the arbitration award. Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) was not authority for the sanction because the rule referred only to the participation of parties at the arbitration hearing. There was no showing that defendant's participation at the arbitration hearing was not in good faith, and the bases for plaintiff's sanctions motion concerned the type of conduct sanctionable under Supreme Court Rule 137 (155 Ill. 2d R. 137).

■ Supreme Court Rule 91 was amended in 1993 to add the following subsection concerning good-faith participation at mandatory arbitration hearings held pursuant to supreme court rules:

> "(b) Good-Faith Participation. All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." 145 Ill. 2d R. 91(b).

■ Except perhaps for plaintiff's argument concerning the documents filed by defendant prior to the hearing pursuant to Supreme Court Rule 90(c), the grounds argued by plaintiff in the trial court and reiterated on appeal either do not relate to the conduct of the arbitration hearing or are unsupported in the record on appeal. There is no evidence of what transpired during the hearing. The investigation done before filing the affirmative defenses, the failure to withdraw the affirmative defense after defendant's deposition, and the intent to make the polio argument before arbitration do not relate to defendant's conduct at the arbitration hearing.

There never was a transcript of the arbitration proceedings, and therefore there is no evidence in the record to support plaintiff's claims that in arbitration defendant did not admit liability, that defendant argued that plaintiff was contributorily negligent, and that plaintiff's polio was the cause of her medical treatment. Defendant's notice pursuant to Supreme Court Rule 90(c) that he would offer

plaintiff's medical records at the arbitration was proper, but there is no evidence that defendant used the medical records at the arbitration.

Supreme Court Rule 91(b) provides in part:

> "If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner ***." 145 Ill. 2d R. 91(b).

In this case there was no finding by the arbitration panel that the defendant failed to participate in good faith.

In this case, if the plaintiff had presented the circuit court with a petition for sanctions together with a unanimous finding by the arbitration panel that the defendant failed to participate in the hearing in good faith, then the circuit court would have had a basis to enter a sanction after a hearing on the petition. According to the rule, such a finding in an award constitutes *prima facie* evidence of lack of good-faith participation in the arbitration hearing. The arbitration panel members are in the best position to judge the participation of the parties before them. The circuit court, on the other hand, was not present at the hearing and does not know how the parties participated and cannot judge their performance—unless it has a transcript of the proceeding. If a transcript of the arbitration is provided to the circuit court, perhaps it can enter sanctions after reading the transcript, the petition for sanctions, the response thereto, and hearing the arguments of counsel. However, we do not decide that now.

Without knowing everything that transpired during an arbitration hearing, it is difficult for the circuit court to make a judgment call without the assistance of the findings of the arbitration panel members. Supreme Court Rule 91(b) does not provide for sanctions for what the parties do or do not do prior to an arbitration hearing. The rule only concerns itself with what occurs during a hearing. The rule attempts to ensure that all parties participate in a meaningful manner in an arbitration hearing. The rule does not attempt to do anything more.

Plaintiff argues that conduct that is sanctionable under Rule 137 is the equivalent of bad-faith participation under Supreme Court Rule 91(b), but there is no case interpreting Rule 91(b) that supports plaintiff's contention. Rule 137 allows sanctions for attorneys and parties when a pleading, motion, or paper is signed in violation of the rule. 155 Ill. 2d R. 137. The type of conduct sanctionable under Rule

137 is different than the bad-faith participation at arbitration that is the subject of Rule 91(b). Plaintiff did not move for Rule 137 sanctions, and there were no findings by the court that defendant violated Rule 137. We hold that, under Rule 91(b), there was no basis for the trial court to debar defendant from rejecting the arbitration award. The order striking the rejection of the arbitration award is reversed and vacated.

## II. Interrogatories

■ Defendant next argues on appeal that the trial court erred in ordering defendant's attorneys to respond to the additional interrogatories seeking information on the law firm's history of rejection of prior arbitration awards. Defendant argues that the discovery was improper because it was directed to the attorneys and not to a party and that the information was not reasonably calculated to lead to the discovery of admissible evidence.

We do not reach the issue whether a defendant's attorney can be required to answer interrogatories because, even if interrogatories can be directed to a party's attorney, the interrogatories should not have been permitted because the history of the law firm's rejection of prior arbitration awards was not relevant to whether defendant or defendant's attorney participated in good faith in this particular arbitration hearing. The only information that can be discovered is what is relevant or what can lead to relevant information. *Maxwell v. Hobart Corp.*, 216 Ill. App. 3d 108, 120, 576 N.E.2d 268 (1991). Plaintiff is espousing the untenable proposition that a high rate of arbitration-award rejections makes it more probable than not that a law firm's rejection of a later award was not in good faith. A law firm's rejection of numerous arbitration awards is more appropriately the subject of attorney disciplinary proceedings.

Furthermore, even if the evidence was relevant, Supreme Court Rule 91(b) provides authority for sanctions only for bad-faith participation in the hearing and not for the party's bad faith in rejecting an arbitration award. The comments to the rule indicate that the subsection was adopted in response to complaints that parties and lawyers would merely attend hearings but refuse to participate in arbitration. 145 Ill. 2d R. 91(b), Committee Comments at lxix. Certainly the integrity of the arbitration system is threatened by unjustified rejection of arbitration awards, but Rule 91(b) sanctions are not available to punish that conduct.

The order requiring defendant to answer the additional interrogatories is reversed and vacated.

## III. Protective Order

■ Defendant finally argues on appeal that section 2—1003(e) of

the Illinois Insurance Code barred the disclosure of the information sought by plaintiff in her additional interrogatories. 735 ILCS 5/2—1003(e) (West 1994).

We do not need to reach this issue because we have found that the trial court erred in ordering defendant to answer the additional interrogatories, which were similar in nature to the other interrogatories.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McNAMARA and BURKE, JJ., concur.