TOBY KNIGHT, Plaintiff-Appellee, v. HECTOR GUZMAN, Defendant-Appellant.

First District (2nd Division)    No. 1—96—1817

Opinion filed August 5, 1997.

Galvin, Lowery & Meade, of Chicago (Michael J. Raiz, of counsel), for appellant.

Chudada & Buoscio, Ltd., of Chicago (Anthony Scrementi, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant Hector Guzman appeals from an order of the circuit court of Cook County striking his rejection of an arbitration award and entering judgment on the arbitration award in favor of plaintiff Toby Knight. We reverse and remand.

## FACTS

Plaintiff brought a negligence action against defendant to recover for injuries and damages sustained during a motor vehicle collision. The case was assigned to mandatory arbitration. The arbitration hearing took place on September 26, 1995. All parties were present.

The panel of arbitrators found in favor of plaintiff and against defendant in the amount of $2,100. There was no finding that defendant's participation in the arbitration hearing was in bad faith. ·

On October 17, 1995, defendant filed a notice of rejection of the arbitration award. Plaintiff moved to strike defendant's rejection and both parties filed briefs in support of their positions. On January 18, 1996, the court struck defendant's rejection and entered judgment in favor of plaintiff and against defendant in the amount of $2,100. Defendant contends the trial court erred in barring him from rejecting the arbitration award. He also contends the court erred in failing to award sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137).

## ANALYSIS

### A. Right of Rejection

■ "Under Illinois' rules, parties have the right of rejection—unless they are subjected to a sanction debarring rejection." *Williams v. Dorsey*, 273 Ill. App. 3d 893, 905 (1995). Supreme Court Rule 93 (145 Ill. 2d R. 93) governs the procedure for rejecting an arbitration award. The rule states in part that "any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award." 145 Ill. 2d R. 93(a). However, "[t]he filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award." 145 Ill. 2d R. 93(a). Accordingly, it has been held that a trial court may debar a party from rejecting an award as a sanction even if the party or his attorney was present at the arbitration hearing. See *State Farm Insurance Co. v. Gebbie*, 288 Ill. App. 3d 640, 643 (1997); *Smith v. Johnson*, 278 Ill. App. 3d 387, 391-92 (1996); *Williams*, 273 Ill. App. 3d at 900-01.

■ Supreme Court Rule 91 (145 Ill. 2d R. 91) governs the absence and participation of a party at the arbitration hearing. Rule 91(a) provides that "[t]he failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 145 Ill. 2d R. 91(a). Rule 91(b) states that "[a]ll parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b). If a party fails to participate in the hearing in good faith and in a meaningful manner, a court may order sanctions, including an order debarring that party from rejecting the award. 145 Ill. 2d R. 91(b).

The arbitrators' award in this case is devoid of any reference to defendant's failure to participate in the hearing in good faith and in

a meaningful manner. Further, a review of the record gives no indication that defendant failed to participate in good faith. To be sure, the record shows that defendant was present at the hearing, represented by counsel, and presented a defense. Even plaintiff acknowledged that defendant's alleged bad faith was not at the arbitration hearing but, rather, that defense counsel's customary rejection of other arbitration awards is indicative of bad-faith participation in the arbitration process. The trial court agreed, finding that Rule 91 requires good-faith participation in the entire arbitration process, not just the hearing, so as not to abuse the arbitration process or make it meaningless.

The trial court went on to find that the rejection filed pursuant to Rule 93 was not filed by defendant or his counsel who was present at the arbitration hearing, but by an associate of defense counsel's firm. The court held that this was not a meaningful rejection because the associate had no contact with the arbitration process and that "[i]f the [Supreme] Court meant the rejection could be signed by an associate attorney, the Supreme Court would have said so." Thus, adopting plaintiff's argument, the trial court held defendant was debarred from rejecting the award.

## 1. Rule 91(b)

■ Initially, we observe that Rule 91(b) specifically governs good-faith participation in the arbitration *hearing*, not the entire arbitration process. What a party does outside the hearing with regard to rejection of the award is beyond the scope of Rule 91 sanctions.

Recently, in *Webber v. Bednarczyk*, 287 Ill. App. 3d 458 (1997), the court held that, under Rule 91(b), there was no basis for the trial court to debar the defendant from rejecting the arbitration award. In *Webber*, as in this case, there was no finding by the arbitrators that the defendant failed to participate in the hearing in good faith. The plaintiff argued that the defendant's conduct prior to the hearing was a basis to debar the defendant from rejecting the award. The trial court agreed and debarred the defendant from rejecting the arbitration award as a sanction under Rule 91(b). The appellate court reversed and remanded, holding:

> "Supreme Court Rule 91(b) does not provide for sanctions for what the parties do or do not do prior to an arbitration hearing. The rule only concerns itself with what occurs during a hearing. The rule attempts to ensure that all parties participate in a meaningful manner in an arbitration hearing. The rule does not attempt to do anything more." *Webber*, 287 Ill. App. 3d at 463.

In addition, like plaintiff here, the plaintiff in *Webber* argued that because the law firm representing the defendant had a high rate of

prior rejections, it was more probable than not that the rejection of the instant award was not in good faith. The appellate court rejected this argument, noting that a law firm's rejection of numerous arbitration awards is more appropriately the subject of attorney disciplinary proceedings.

> "Supreme Court Rule 91(b) provides authority for sanctions only for bad-faith participation in the hearing and not for the party's bad faith in rejecting an arbitration award. *** Certainly the integrity of the arbitration system is threatened by unjustified rejection of arbitration awards, but Rule 91(b) sanctions are not available to punish that conduct." *Webber*, 287 Ill. App. 3d at 464.

In light of the holding in *Webber*, we conclude that Rule 91(b) does not provide for sanctions for a party's rejection of an arbitration award or as punishment for his representative law firm's track record in rejecting numerous awards.

### 2. Rule 93(a)

■ We disagree with plaintiff's contentions that Rule 93(a) only allows a party or his counsel who was actually present at the arbitration hearing to file a rejection of an award and that an associate of the law firm representing defendant, but who was not present at the hearing, could not sign the notice of rejection.

The text of Rule 91(a), Rule 93(a), and the committee comments make clear that it is the party's right to reject an arbitration award and that only a party who is present at the hearing in person or by counsel is eligible to reject an award. 145 Ill. 2d R. 91(a). The phrase "either in person or by counsel" in Rule 93(a) and Rule 91(a) refers to the party's presence at the hearing; it does not refer to who must file or sign the notice of rejection. Thus, consistent with the provisions of Rule 91(a), defendant could elect to reject the award pursuant to Rule 93(a) because he was present in person or by counsel at the arbitration hearing.

We also reject plaintiff's argument that defendant's notice of rejection was improperly signed and filed by an associate of the law firm representing defendant who was not present at the arbitration hearing. It is axiomatic that the employment of a law firm is the employment of all members of that firm unless there is a special understanding otherwise. *Smith v. Brittenham*, 109 Ill. 540 (1884); *Burton v. Estrada*, 149 Ill. App. 3d 965, 972 (1986); *Corti v. Fleisher*, 93 Ill. App. 3d 517, 521 (1981). In this case, the law firm retained by defendant initially filed an appearance on behalf of defendant. After the arbitration hearing, defendant elected to reject the arbitration award. An associate of the retained law firm acted on behalf of defendant in a representative capacity and signed and filed defendant's no-

tice of rejection of the award. Even though the associate was not actually present at the hearing, he could properly file and sign the notice of rejection on behalf of defendant where defendant was present at the hearing either in person or by counsel.

Finally, Supreme Court Rule 95 (134 Ill. 2d R. 95) sets forth the proper form of the notice of rejection and requires an attorney certification. The rule states that the notice of rejection shall be in substantially the form provided. Defendant's notice of rejection is in substantial compliance with the form provided in the rules. It makes no difference in this case that an associate of the law firm rather than the lead attorney who was present at the hearing certified the rejection after defendant elected to reject the award. The certification of a notice of rejection by an attorney who was not present at the hearing, in and of itself, is not a cause for sanctions in the form of debarment from rejection.

## B. Rule 137 Sanctions

■ Defendant argues the trial court abused its discretion in refusing to award sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) for plaintiff's alleged failure to conduct reasonable inquiry prior to filing pleadings in this case. We need not reach this issue because defendant withdrew his motion for sanctions in the trial court.

## CONCLUSION

Because there was no basis for the trial court to debar defendant from rejecting the award, the order of the court striking the rejection is reversed and vacated. The cause is remanded for further proceedings.

Reversed and remanded.

DiVITO, P.J., and TULLY, J., concur.