KAREN G. WALIKONIS, Plaintiff-Appellee, v. STEVEN J. HALSOR, Defendant-Appellant.

Second District   No. 2—98—0231

Opinion filed August 5, 1999.

Pamela R. Boucher and Matthew Arnold, both of Eannace, Lowery & Meade, of Rockford, for appellant.

Lisa A. Leitter and Laura A. Epstein, both of Epstein & Leitter, P.C., of Rockford, for appellee.

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Steven J. Halsor, appeals the circuit court's orders debarring him from rejecting an arbitration award in favor of plaintiff, Karen Walikonis, and entering judgment on that award. Defendant contends that the court erred by debarring him from rejecting the award as a sanction for discovery violations that occurred prior to the hearing.

Plaintiff sued defendant for injuries she allegedly suffered after defendant's car rear-ended plaintiff's car on March 25, 1995. Defendant filed his appearance, answer, and affirmative defense on May 30,

1997. Each party served the other with a Rule 237(b) notice to produce. 166 Ill. 2d R. 237(b).

On August 8, 1997, plaintiff filed a motion to compel discovery. The court granted the motion and ordered defendant to answer plaintiff's discovery within seven days. Defendant filed his answers on September 5, 1997.

Also on September 5, the parties agreed to take defendant's deposition on September 12, 1997. Defendant's deposition did not occur on that date. Plaintiff's counsel asserted in an affidavit that defendant's counsel called her on the afternoon of September 11 to cancel the deposition because defendant lived in New Mexico. The attorneys agreed to continue the deposition to September 19.

Defendant was not deposed on September 19. Plaintiff's attorney averred that defense counsel called her on September 17, stating that defendant's insurance company would not authorize him to travel to Illinois.

On September 23, 1997, plaintiff filed her second motion to compel discovery. The court granted the motion, ordering defendant to appear for his deposition, which was set by agreement for October 21, 1997. The court ruled that if defendant failed to appear for his deposition, his pleadings would be stricken and a default judgment entered against him. The court struck the scheduled arbitration date of October 22 and continued the arbitration hearing to December 18, 1997. Defendant failed to appear for his deposition on October 21, but plaintiff's deposition proceeded on that date as scheduled.

On November 18, 1997, plaintiff filed a motion for sanctions pursuant to Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)). Plaintiff requested, *inter alia*, that defendant be debarred from rejecting the arbitration award for repeated discovery abuses. The court granted the motion in part. The court struck defendant's pleadings and entered a default judgment on liability, ordering the hearing to proceed on the issue of damages. The court set a December 11 hearing date for plaintiff's motion to debar defendant from rejecting any arbitration award.

At the December 11 hearing, defense counsel orally moved that defendant be excused from appearing at the arbitration or, in the alternative, that plaintiff bear defendant's cost of travel from New Mexico. Defendant's attorney stated that defendant would be willing to stipulate to liability and that defendant had no relevant testimony to offer on the question of damages. Defense counsel stated that defendant "is not going to be back for either the arbitration or the trial."

The court denied this motion and stated that defendant would be

subject to further sanctions if he failed to appear for arbitration. The court did not rule specifically on plaintiff's motion to debar, stating that it might be "moot" in light of defendant's stated intention not to appear.

On December 16, 1997, defendant filed an emergency motion to reconsider the court's refusal to excuse defendant's presence at the arbitration. In response, the court excused defendant from appearing personally and allowed him to testify by telephone. In light of defendant's noncompliance with discovery, the court debarred him from rejecting the arbitration award.

Following the hearing, the arbitration panel awarded plaintiff $17,500. Defendant filed a notice of rejection of the award. However, citing defendant's previous debarment, the court struck the notice and entered judgment on the award. Defendant filed a timely notice of appeal.

■ Before proceeding to the merits, we briefly discuss plaintiff's motion, incorporated in her brief, to dismiss defendant's appeal on various grounds. Plaintiff first contends that defendant's appeal is untimely because it was filed on February 23, 1998, 31 days after the final judgment. Plaintiff concedes that the thirtieth day, February 22, 1998, was a Sunday but urges that the "clear, unambiguous" language of Supreme Court Rule 303(a) does not make an exception for a due date falling on a weekend. See 155 Ill. 2d R. 303(a). However, section 1.11 of the Statute on Statutes, which also governs the construction of Supreme Court Rules (134 Ill. 2d R. 2(a)), clearly provides that if the last day for doing any act falls on a Sunday, that day shall be excluded. 5 ILCS 70/1.11 (West 1996); see *In re Estate of Malloy*, 96 Ill. App. 3d 1020, 1025 (1981). Therefore, defendant's notice of appeal was timely.

■ Plaintiff also contends that the appeal should be dismissed because defendant improperly filed the record on appeal, attaching a nearly complete copy to his brief rather than filing the original. She also contends that the record is incomplete. Pursuant to this court's order, defendant did file the original record on appeal. Moreover, we do not find any omissions in the record sufficient to preclude our review of the issues on the merits. Finally, plaintiff contends that defendant raises his argument "Regarding Application of Various Case Law" for the first time on appeal. However, defendant raised the substance of his argument in the trial court. He is certainly not prohibited from citing on appeal additional cases in support of his argument. Plaintiff's motion to dismiss the appeal is denied.

Defendant contends that the trial court exceeded its statutory authority and abused its discretion by prospectively debarring him from rejecting the arbitration award on the basis of defendant's

discovery abuses. He contends that the sanction of debarment only applies to the failure to participate in good faith at the arbitration hearing itself and does not apply to discovery violations occurring prior to the hearing. Moreover, defendant points out that the court ultimately excused his presence at the hearing and the record provides no indication that defendant otherwise failed to participate in that hearing in good faith.

■ Parties to an arbitration proceeding have a presumptive right to reject the award unless they are subject to a sanction debarring rejection. *Knight v. Guzman*, 291 Ill. App. 3d 378, 380 (1997); *Williams v. Dorsey*, 273 Ill. App. 3d 893, 905 (1995); 145 Ill. 2d R. 93. Supreme Court Rule 91(b) provides that parties must participate in arbitration in good faith and in a meaningful manner. The failure to do so permits the court to impose sanctions, including debarring the offending party from rejecting the award. 145 Ill. 2d R. 91(b). The purpose of the rule is that "[t]o permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies." 145 Ill. 2d R. 91, Committee Comments, at lxix. An order debarring a party from rejecting an arbitration award will not be reversed unless the trial court abused its discretion. See *Employer's Consortium, Inc. v. Aaron*, 298 Ill. App. 3d 187, 189 (1998).

■ Rule 91 applies only to the arbitration hearing itself, not the entire arbitration process. Conduct outside the hearing is beyond the scope of Rule 91 sanctions. *Knight*, 291 Ill. App. 3d at 381; *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 463 (1997). Accordingly, in *Moon v. Jones*, 282 Ill. App. 3d 335, 337-38 (1996), the court held that the trial court abused its discretion by debarring a party from rejecting *future* arbitration awards.

That is exactly what happened here. The trial court debarred defendant from rejecting the arbitration award on the basis of his conduct *before* the hearing. The record contains no indication that defendant's conduct at the hearing itself was objectionable. Notably, the arbitration panel did not find that defendant failed to participate in good faith.

■ Defendant's conduct undoubtedly merited a sanction. However, the court had already imposed the most severe sanction available under Rule 219(c): striking defendant's pleadings and defaulting him as to liability. Even a party held in default has a right to have the issue of damages tried by a jury. 735 ILCS 5/2—1206(a) (West 1996); *Manaster v. Kioebge*, 257 Ill. 431, 434 (1913). By prospectively debar-

ring defendant from rejecting the award, the court not only defaulted him but deprived him of his right to have a jury (or the court) determine damages.

■ Plaintiff argues that the debarment order was appropriate under Rule 90(g). See 145 Ill. 2d R. 90(g). That rule provides that a party who fails to comply with a Rule 237 notice to appear may be debarred from rejecting the award. However, the rule also provides that the court may excuse a party's appearance. 145 Ill. 2d R. 90(g). Here, the court ultimately excused defendant's appearance at the hearing and allowed him to testify by telephone. Plaintiff argues that the record contains no indication that defendant actually testified by telephone during the hearing. However, there is also no indication that plaintiff attempted to elicit his testimony or that plaintiff was prejudiced by the lack of defendant's long distance testimony.

In the cases plaintiff cites, the courts had not excused the sanctioned parties' attendance at the hearing. Notably, in *Smith v. Johnson*, 278 Ill. App. 3d 387 (1996), although one defendant was sanctioned for failing to appear, no sanctions were apparently imposed against a codefendant whose appearance had been excused.

■ Plaintiff also contends that the sanction was justified under Rule 219(c). However, as noted previously, that rule authorizes the court to enter a default judgment but does not permit the court automatically to deprive a defendant of his right to have plaintiff's damages assessed by a jury or by the court.

We hold that the trial court abused its discretion by prospectively debarring defendant from rejecting the arbitration award. By this ruling, we do not intend to condone defendant's conduct. Defendant's actions appear to have been calculated to harass and hinder plaintiff, whose right to at least some quantum of damages is essentially unquestioned. We note that the court could have enforced its previous order requiring defendant to appear at the arbitration. However, we hold that the court abused its discretion by excusing defendant's appearance, then essentially sanctioning him for failing to participate in good faith in the hearing.

Defendant does not challenge the propriety of the default order. Therefore, on remand, if defendant chooses to reject the award, the cause shall proceed to a prove up of damages.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON and RAPP, JJ., concur.