HEATHER AMRO, Plaintiff-Appellee, v. CHARLES BELLAMY, Defendant-Appellant.

First District (1st Division)    No. 1—02—0345

Opinion filed February 10, 2003.—Rehearing denied March 18, 2003.

Judith Lysaught, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

James G. McCarthy, of Patrick E. Dwyer & Associates, of Chicago, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

This action was brought by Heather Amro to recover for personal injuries sustained in a traffic accident. Following the failure to comply

with two discovery deadlines, the defendant, Charles Bellamy, was barred from testifying at the arbitration of this case pursuant to the trial court's order. Though present at the arbitration proceeding, Bellamy did not testify. An arbitration award of $15,000, plus costs, was entered in favor of the plaintiff. Defendant moved to reject the award. The trial court debarred defendant from rejecting the arbitration award. The single issue presented for review is whether the trial court abused its discretion in debarring rejection of the arbitration award.

For the reasons stated below, we reverse and remand.

## BACKGROUND

On August 17, 1999, plaintiff filed a complaint seeking $50,000, plus costs, for injuries sustained in an October 2, 1997, traffic accident in Chicago Heights, Illinois. Defendant filed an appearance, answer and jury demand.

On September 5, 2000, the trial court ordered defendant to respond to plaintiff's interrogatories on or before October 3, 2000, and to appear for deposition on or before October 31, 2000. Defendant failed to comply with either order. On November 21, 2000, the trial court granted defendant additional time to comply with all discovery and ordered completion by December 21, 2000. Again, defendant failed to answer plaintiff's interrogatories or appear for deposition by December 21, 2000. On January 9, 2001, the trial court ordered: "It is hereby ordered that the testimony of defendant is barred at the arbitration and trial pursuant to Illinois Supreme Court Rule 219(c)." The trial court also assigned the case to mandatory arbitration.

The arbitration hearing was held on June 12, 2001. The proceedings were not recorded or transcribed. Following the hearing, the arbitration panel held in favor of plaintiff and granted her an award of $15,000, plus costs. Defendant filed a notice of rejection of award on July 10, 2001, and on July 12, 2001, he filed an amended notice of rejection of award.

On July 24, 2001, plaintiff was granted leave to file her motion to debar defendant from rejecting the arbitration award, *instanter*. Plaintiff's motion asserted that while defendant's attorney presented opening and closing statements and cross-examined plaintiff, defendant did not testify, did not call any witnesses and did not submit any exhibits.

Defendant's response maintained that he participated in the arbitration proceeding in good faith and in a meaningful manner by presenting opening statements, cross-examining the plaintiff, and making closing statements. He asserted that even if defendant was not barred from testifying at the arbitration, defense counsel would

not have called him to testify because he pled guilty to driving under the influence. Defendant also noted that the arbitrators did not make a finding of bad faith.

On January 10, 2002, the trial court wrote: "It is hereby ordered that defendant is debarred from rejecting the arbitration award because of sanctions for failure to comply with discovery." Judgment was entered in favor of plaintiff in the amount of $15,000, plus costs. In February 2002, defendant filed a bystander's report of the proceedings and plaintiff filed an alternative bystander's report.

## ANALYSIS

### I

Defendant asserts that the trial court abused its discretion in debarring him from rejecting the arbitration award. He maintains that the trial court based its ruling on conduct that occurred outside of the arbitration hearing and such a ruling was improper. Plaintiff responds that defendant's conduct was the result of "inept preparation and intentional disregard" for the process and debarment was an appropriate sanction. She also contends that the record is incomplete and should be construed against defendant. We find the record sufficient to allow review of the issue presented on appeal.

■ Parties to an arbitration proceeding have a presumptive right to reject the award unless they are subject to a sanction debarring rejection. *Walikonis v. Halsor*, 306 Ill. App. 3d 811, 815, 715 N.E.2d 326 (1999). Illinois Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) provides: "All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b). The failure to do so permits the court to impose sanctions, including debarring the offending party from rejecting the award. 145 Ill. 2d R. 91(b). It has been held that a trial court may debar a party from rejecting an award as a sanction even if the party was present at the arbitration hearing. *Knight v. Guzman*, 291 Ill. App. 3d 378, 380, 684 N.E.2d 152 (1997). An order debarring a party from rejecting an arbitration award will not be reversed unless the trial court abused its discretion. *Walikonis*, 306 Ill. App. 3d at 815.

■ Rule 91(b) provides that if an arbitration panel "finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therfor shall be stated on the award." 145 Ill. 2d R. 91(b). Further, such a finding "shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b).

■ In the instant case, the record gives no indication that the

defendant failed to act in good faith at the arbitration hearing and, notably, there was no finding by the arbitration panel that defendant failed to act in good faith. It is undisputed that defense counsel presented opening argument and closing argument and cross-examined plaintiff's witnesses at the arbitration hearing. It is also undisputed that defendant was present at the hearing but did not testify, pursuant to the trial court's order.

Plaintiff asserts that "[t]aken as a whole, [defendant's] conduct manifested a failure to participate in good faith and in a meaningful manner and made a mockery of the entire court proceeding as well as the arbitration hearing." However, the record does not support plaintiff's contention. There is no evidence in the record demonstrating that any conduct of defendant during the arbitration hearing served as an appropriate basis for debarring rejection. In fact, the trial court wrote in its debarment order: "It is hereby ordered that defendant is debarred from rejecting the arbitration award *because of sanctions for failure to comply with discovery.*" (Emphasis added.) Clearly the court debarred defendant from rejecting the arbitration award on the basis of his conduct *before* the hearing, which it cannot do. Rule 91(b) does not provide for sanctions for what the parties do or do not do prior to an arbitration hearing. *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 463, 678 N.E.2d 701 (1997). Rule 91(b) specifically governs good-faith participation in the arbitration hearing, not the entire arbitration process. *Knight*, 291 Ill. App. 3d at 381. In addition, the court had already imposed a sanction under Rule 219(c) for his failure to comply with discovery. We hold that the trial court abused its discretion in debarring rejection of the award in the instant case.

In *Webber*, as in the instant case, there was no finding by the arbitrators that the defendant failed to participate in the hearing in good faith. The court held that there was no basis for the trial court to debar the defendant from rejecting the arbitration award. The *Webber* court wrote:

"[Rule 91(b)] only concerns itself with what occurs during a hearing. The rule attempts to ensure that all parties participate in a meaningful manner in an arbitration hearing. The rule does not attempt to do anything more." *Webber*, 287 Ill. App. 3d at 463.

In *Knight*, like the instant case, the arbitrator's award was devoid of any reference to defendant's failure to participate in the hearing in good faith and in a meaningful manner. Further, the record gave no indication that defendant failed to participate in good faith. The *Knight* court wrote: "What a party does outside the hearing with regard to rejection of the award is beyond the scope of Rule 91 sanctions." *Knight*, 291 Ill. App. 3d at 381.

For the foregoing reasons, the order of the court debarring rejection is reversed and vacated and the cause is remanded for further proceedings.

Reversed and remanded.

GORDON, P.J., and McNULTY, J., concur.