No. 1-04-0222

NEAL J. ANDERSON,                     ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 02 M1 304169

)

DAVID PINEDA and BASLISA PINEDA, ) Honorable

) Moira S. Johnson,

Defendants-Appellants. ) Judge Presiding. 

PRESIDING JUSTICE REID delivered the opinion of the court:

Defendants David Pineda and Baslisa Pineda appeal from a trial court order barring them from rejecting an arbitration award and entering judgment in favor of plaintiff Neal J. Anderson in the amount of $30,000.  On appeal, defendants contend that the trial court erred in barring them from rejecting the arbitration award because debarment is an improper sanction for a pre-arbitration discovery violation and the sanction is unduly harsh.  For the reasons that follow, we affirm.

On August 20, 2002, plaintiff filed a complaint to recover for injuries suffered in a traffic accident with a car driven by defendant David Pineda.  David Pineda’s mother, Baslisa Pineda, the owner of the car David was driving, was also named as a defendant.  Plaintiff alleged that defendants negligently caused the accident.  Defendants answered, denying negligence.

Plaintiff served defendants with written discovery requests, including interrogatories and a request to produce documents.  When defendants did not comply with the discovery requests, plaintiff moved to compel defendants to answer the requests.  The trial court granted the motion on July 10, 2003, advising defendants that failure to comply with the order by July 24, 2003, would result in defendants being barred from testifying and presenting evidence at trial or arbitration.  On July 24, defendants returned unsigned answers to plaintiff’s interrogatories but did not produce the requested documents.

On July 31, 2003, plaintiff filed a petition for a rule to show cause to be issued against defendants because they had given inadequate, unresponsive, and unsigned answers to the interrogatories and had not responded to plaintiff’s request for production of documents.  On August 12, 2003, after a hearing on plaintiff’s petition, the trial court granted plaintiff’s petition in part, barring defendants from testifying and presenting evidence at trial or arbitration.

The case proceeded to mandatory arbitration on October 7, 2003.  Although there is no transcript of the arbitration hearing in the record, both parties agree that at the hearing defendants’ participation was limited to presenting opening and closing arguments and cross-examining plaintiff.  The arbitration panel found in favor of plaintiff in the amount of $30,000 and did not make a finding of bad-faith participation by either party.

Defendants filed a notice of rejection of the arbitration award on October 20, 2003.  Plaintiff then filed a motion to debar defendants from rejecting the award.  Plaintiff cited 
Glover v. Barbosa
, 344 Ill. App. 3d 58 (2003), in alleging that defendants’ bad faith warranted sanctions under Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) because:

"At no time did the Defendants’ [
sic
] seek to move to remove the sanctions imposed by [the order preventing them from testifying or presenting evidence at trial or arbitration].

***

[At the arbitration hearing,] [t]he Defendants offered no evidence and did not testify.

 ***

Defendants’ continued failure to comply with discovery orders demonstrates an unwillingness to participate in the arbitration process and this litigation in good faith."

Defendants responded by admitting negligence in failing to yield the right of way.  They argued that because they had admitted negligence, there was no need for them to testify at the hearing, so their failure to do so did not indicate a lack of good faith or meaningful participation.  Under such circumstances, they argued, Rule 91(b) sanctions were not warranted.

In its reply to defendants’ response, plaintiff pointed out that defendants never attempted to remove the sanctions imposed on them by the July 10 or August 12 order.

The trial court granted plaintiff’s motion, on January 12, 2004, ordering:

"Defendants are debarred from rejecting the award under Rule 91(b) for the following[:]

a. The Defendants have failed to participate in the arbitration process in a good faith manner, namely repeat failures to comply with discovery; and

b. The Defendants have failed to explain the failures by way of affidavit and/or response to plaintiff’s motion."

Judgment was entered in favor of plaintiff on the arbitration award.

Defendants contend that the trial court erred in barring them from rejecting the arbitration award based on their conduct before, rather than during, the arbitration hearing.

Parties to a mandatory arbitration have a presumptive right to reject the arbitration award unless they are subject to sanctions barring rejection.  
Knight v. Guzman
, 291 Ill. App. 3d 378, 380 (1997).  Supreme Court Rule 91(b) requires that parties to an arbitration hearing participate in good faith and in a meaningful manner and allows a trial court to impose sanctions, including barring the offending party from rejecting the award, if a party fails to do so.  145 Ill. 2d R. 91(b).  This court will not disturb sanctions imposed by a trial court under Supreme Court Rule 91(b) unless we find that the trial court has abused its discretion.  
State Farm Insurance Co. v. Gebbie
, 288 Ill. App. 3d 640, 644 (1997).

In arguing their case, defendants rely on 
Amro v. Bellamy
, 337 Ill. App. 3d 369 (2003).  In response, plaintiff relies on 
Glover v. Barbosa
, 344 Ill. App. 3d 58 (2003).  Because, in these two cases, this court has taken two contrary approaches to resolving the issue at bar, our analysis begins with an examination of each and a decision as to which case to follow.

In 
Amro
, defendant was barred from testifying after missing two discovery deadlines.  Defendant did nothing to modify or vacate the order barring him from testifying, nor did he comply with plaintiff’s discovery requests.  At the mandatory arbitration hearing, defendant presented opening and closing statements and cross-examined plaintiff but did not present any evidence or testimony.  The trial court imposed sanctions debarring defendant from rejecting the arbitration award "because of sanctions for failure to comply with discovery."  
Amro
, 337 Ill. App. 3d at 371.

On appeal in 
Amro
, this court held that the trial court had abused its discretion in barring rejection.  In making its decision, the court referred to the facts that the arbitration panel did not find, and the record did not otherwise indicate, that defendant had participated in the hearing in bad faith.  Further, the court held that the trial court erred in imposing sanctions because the language of the trial court’s debarment order indicated that the trial court "[c]learly *** debarred defendant from rejecting the arbitration award on the basis of his conduct 
before
 the hearing, which it cannot do [under Rule 91(b)]."  (Emphasis in original.)  
Amro
, 337 Ill. App. 3d at 372. 

In 
Glover
, after failing to comply with discovery, defendant was barred from presenting evidence and testimony at trial or arbitration.  During the six months between the date defendant was sanctioned and the date of the arbitration hearing, she made no attempt to "comply with discovery or modify or vacate the *** order to enable her to participate fully at arbitration or trial."  
Glover
, 344 Ill. App. 3d at 62.  At the mandatory arbitration hearing, defendant presented opening and closing arguments and cross-examined plaintiff.  The arbitration panel in 
Glover
 returned a verdict for the plaintiff but did not include a finding of bad faith on the part of defendant in its award. Plaintiff moved to bar defendant from rejecting the award.  Defendant claimed that her conduct at arbitration was in good faith in light of the fact that she was barred from presenting evidence and testifying.  The trial court granted plaintiff’s motion, entering a judgment on the award.

Despite defendant’s argument that the court abused its discretion in imposing Rule 91(b) sanctions for conduct outside of the arbitration hearing, this court affirmed the imposition of sanctions in 
Glover
.  The court found "defendant’s reasoning subverts the mandatory arbitration system" (
Glover
, 344 Ill. App. 3d at 62) because "defendant’s predicament is of her own making" (
Glover
, 344 Ill. App. 3d at 61).  During the six months between the imposition of sanctions and the hearing, her "ability to ensure good-faith compliance at the hearing was within her control at all times."  
Glover
, 344 Ill. App. 3d at 63.  Because of her inaction, defendant was unable to participate meaningfully at the hearing and therefore sanctions barring her from rejecting the arbitration award were proper.  
Glover
, 344 Ill. App. 3d at 62.

We find the reasoning of 
Glover
 more persuasive than that of 
Amro
.  In determining whether Rule 91(b) sanctions are appropriate, failing to consider violations that occurred outside of, but directly impacted, the hearing "undermine[s] the spirit and purpose of Rule 91(b) and the mandatory arbitration system as a whole."  
Glover
, 344 Ill. App. 3d at 62.  We must be conscious of the fact that a litigant who fails to modify, vacate, or comply with sanctions imposed due to a discovery violation that occurs outside of the arbitration hearing may be incapable of participating in the arbitration in a meaningful manner.

In this case, the trial court properly determined that defendants did not participate in the arbitration in a meaningful manner.  Defendants were barred from testifying and presenting evidence at trial or arbitration on August 12, 2003.  The arbitration hearing was held on October 7, 2003.  Defendants had almost two months to comply with discovery or to attempt to vacate or modify the August 12 order.  Defendants chose not to act.  As a result, they were not permitted to present evidence at the arbitration hearing, which amounted to a failure to participate in good faith.  Because defendants had the ability to take steps to ensure that they could participate meaningfully in the hearing, but refused to take these steps, Rule 91(b) sanctions, barring them from rejecting the arbitration award, are proper.

Defendants’ argument that they would not have testified even if permitted because they had admitted liability is unpersuasive.  In their answer to plaintiff’s complaint, defendants denied liability.  They did not admit liability until after the arbitration hearing, in response to plaintiff’s motion for sanctions.  Under these circumstances, the trial court certainly did not impose sanctions for defendants’ "trial strategy," as defendant contends.  Instead, because defendants’ refusal to comply with discovery resulted in their inability to meaningfully participate in arbitration, the trial court acted within its discretion in sanctioning defendants’ contempt and disregard for the arbitration process.

Defendants next contend that sanctions barring them from rejecting the arbitration award are unduly harsh.

We will not disturb sanctions imposed by a trial court under Rule 91(b) absent a showing of an abuse of discretion.  
Gebbie
, 288 Ill. App. 3d at 644.  A trial court abuses its discretion by acting in an arbitrary manner or exceeding the bounds of reason in imposing sanctions.  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172 (1999).

We find that, because defendants deliberately and blatantly disregarded the order to submit to discovery, leading to their failure to participate meaningfully in arbitration, the trial court was not unduly harsh in barring defendants from rejecting the arbitration award.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Greiman, J. and Theis, J., concur.