First Division
February 27, 2006

No. 1-05-1035

| | | |
|---|---|---|
| LETICIA LOPEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 03 MI 304554 |
| | ) | |
| RYAN MILLER, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Michael T. Healy, |
| | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the opinion of the court:

Defendant, Ryan Miller, appeals from a trial court order barring him from rejecting an arbitration award and entering judgment in favor of plaintiff, Leticia Lopez, in the amount of $15,000. On appeal, defendant argues that the trial court erred in (1) barring rejection of the arbitration award where the arbitration panel found that all parties participated in good faith and no transcript of the arbitration proceeding is available; (2) barring rejection of the arbitration award for a prearbitration discovery violation; and (3) barring rejection of the arbitration award when both defendant and defense counsel were present at the arbitration hearing.

On October 23, 2003, plaintiff filed a complaint against defendant, claiming that defendant negligently made a left turn that resulted in a November 2002 accident between the parties' cars. Plaintiff alleged that she suffered severe injuries as a result of the accident. On March 30, 2004, plaintiff submitted to defendant discovery requests, including interrogatories, requests for production, interrogatories pursuant to Supreme Court Rule 213(f) (177 Ill. 2d R. 213(f)), a Supreme Court Rule 237 notice to produce (166 Ill. 2d R. 237), and a notice of deposition which scheduled defendant's deposition for April 29, 2004, at 1 p.m. The Rule 237

1-05-1035

notice included a request that defendant be present at trial and mandatory arbitration as an adverse witness.

On May 11, 2004, the trial court heard argument on plaintiff's motion to compel defendant's answers to her discovery requests. Although neither plaintiff's motion to compel nor the trial court's order on the motion to compel is part of the record on appeal, it is not disputed that the motion was filed or that an order was entered against defendant. Furthermore, a certified bystander's report pursuant to Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)) was entered by the trial court on May 17, 2005. The bystander's report indicates that on May 11, 2004, the trial court granted plaintiff's motion to compel and ordered defendant to answer written discovery by June 8, 2004, and for defendant to appear for his deposition by June 22, 2004. The bystander's report also indicates that defendant was barred from testifying or presenting evidence at the arbitration hearing by the court order of May 11, 2004. The bystander's report further indicates that although the parties disputed the reason why defendant was not present on June 8, 2004, defendant "nevertheless failed to appear for his deposition on June 25, 2004, and that the Defendant failed to take any action to comply with or to vacate the Court's order of May 11, 2004, at any time prior to the arbitration hearing on October 7, 2004." Defendant contends that he answered all written discovery by the June 8, 2004, deadline. The record only contains defendant's answers to plaintiff's interrogatories and answers to plaintiff's Rule 213(f) interrogatories, which were filed on June 3, 2004. Plaintiff does not contest that defendant answered written discovery, but contends that defendant never complied at any time with the court's order to be deposed.

On May 12, 2004, the parties agreed to schedule both plaintiff's and defendant's depositions for June 8, 2004, at 2 p.m. at the office of defense counsel. Defendant's deposition was not taken on June 8, 2004, but was rescheduled for June 25, 2004. There is a dispute in the record as to the facts surrounding the cancellation of defendant's June 8 deposition. Defendant in his supplement to his motion to reconsider, stated that plaintiff's counsel cancelled the deposition, and he attached two affidavits in support of this claim. One affidavit is from the deposition secretary at defense counsel's firm who stated that, prior to June 8, 2004, the attorney for plaintiff contacted her and cancelled the deposition. The second was from defendant, who stated that he was prepared to attend the June 8, 2004, deposition but was informed that the deposition had been cancelled by plaintiff's attorney. Plaintiff's attorney, on the other hand, said that during the March 16, 2005, hearing on defendant's motion to reconsider, he did not cancel the defendant's deposition. It is undisputed that defendant's deposition was rescheduled for June 25, 2004, and defendant did not appear for his June 25, 2004, deposition because he stated that he had just begun an internship at Hinsdale Hospital in the operating rooms. Defendant's deposition was never rescheduled.

On October 7, 2004, both parties and their attorneys appeared for mandatory arbitration. However, defendant was barred from testifying or presenting evidence at the arbitration hearing as a result the trial court's order on May 11, 2004, on plaintiff's motion to compel. Defense counsel made opening and closing statements and cross-examined plaintiff. The arbitrators ruled in favor of plaintiff and awarded her $15,000. The arbitrators found that all parties participated in good faith.

On November 5, 2004, defendant filed his notice of rejection of the arbitration award and requested a trial. On November 29, 2004, plaintiff filed a motion to strike and bar rejection of the arbitration award, in which she argued that due to defendant's failure to comply with the trial court's order of May 11, 2004, defendant failed to meaningfully participate in the arbitration pursuant to Supreme Court Rule 91(b), thus warranting debarment. Defendant filed a response to plaintiff's motion to bar and argued that plaintiff failed to state how plaintiff was prejudiced by defendant's failure to testify at the arbitration because the arbitrators found in favor of plaintiff and awarded her $15,000. Defendant pointed out that the arbitrators specifically found that all parties participated in good faith. Additionally, defendant asserted that because damages were arbitrated and lesser sanctions such as barring testimony or a directed finding of negligence would be entered, debarring the rejection of the arbitration award was an inappropriate sanction. Plaintiff replied that defendant did not provide any reason why he: (1) did not comply with the trial court's order of May 11, 2004, and appear for his June 25, 2004, deposition; (2) did not attempt to remove the sanctions in the four months leading up to the arbitration; (3) did not ask for additional time to comply with the sanctions in the four months leading up to the arbitration; and (4) did not move to continue the arbitration so that additional time could be allowed for defendant to comply with the trial court's order of May 11, 2004.

On January 10, 2005, the trial court, after reviewing the briefs of both parties and hearing argument from counsel, found that "the Defendant failed to participate in good faith at the arbitration hearing pursuant to Supreme Court Rule 91(b) [(145 Ill. 2d R. 91(b))] as the Defendant was barred from testifying and presenting any evidence at the arbitration hearing

pursuant to [the trial court's] order of May 11, 2004."

On February 4, 2005, defendant filed a motion to reconsider and stated that the court misapplied the law as it pertained to Rule 91(b) sanctions, which the trial court denied, stating that regardless of the reasons for the cancellation of defendant's June 8, 2004, deposition, the defendant failed to appear for his deposition on June 25, 2004. The trial court also noted that defendant failed to take any action to comply with or vacate the trial court's order of May 11, 2004, at any time prior to the arbitration hearing on October 7, 2004.

We will not disturb a trial court's decision to bar a party from rejecting an arbitration award absent an abuse of discretion. Glover v. Barbosa, 344 Ill. App. 3d 58, 61 (2003); Anderson v. Pineda, 354 Ill. App. 3d 85, 87 (2004). A trial court abuses its discretion when its decision is arbitrary, fanciful or unreasonable. Glover, 344 Ill. App. 3d at 61.

The first issue is whether the trial court abused its discretion in imposing a debarment sanction pursuant to Supreme Court Rule 91(b). Rule 91(b) requires that parties to an arbitration hearing participate in good faith and in a meaningful manner and allows a trial court to impose sanctions, including barring the offending party from rejecting the award, if a party fails to do so. 145 Ill. 2d R. 91(b). Defendant argues that the trial court improperly found that he participated at arbitration in bad faith when he appeared in person and with counsel, he fully participated through his attorney, and the arbitrators made a finding that all parties participated in good faith.

We find that the facts in the present case are analogous to those in Glover. In Glover, the defendant failed to comply with discovery and was barred from presenting evidence and testimony at trial or arbitration. Six months later, at arbitration, the defendant's attorney

presented opening and closing statements and cross-examined the plaintiff. Glover, 344 Ill. App. 3d at 60. The reviewing court found that the defendant "made no attempt in those six months to comply with discovery or modify or vacate the April 18 order to enable her to participate fully at arbitration or trial." Glover, 344 Ill. App. 3d at 62. Rather, the defendant appeared at the arbitration hearing, engaged in minimal participation, rejected an unfavorable award, and then argued that her rejection cannot be barred based on a lack of good faith. Glover, 344 Ill. App. 3d at 62.

The Glover court found the defendant's argument to be "an unpersuasive attempt to minimize the negative inferences raised by her prearbitration conduct." Glover, 344 Ill. App. 3d at 61. Relying on Eichler v. Record Copy Services, 318 Ill. App. 3d 790 (2000), the court in Glover concluded the "defendant's continued failure to comply with discovery here demonstrated an unwillingness to participate in good faith" (Glover, 344 Ill. App. 3d at 62), and that the defendant was in a "predicament *** of her own making" (Glover, 344 Ill. App. 3d at 61). The court further noted that the defendant's "ability to ensure good-faith compliance at the hearing was within her control at all times" because she failed to take any action in the six months between the trial court's imposition of sanctions and the arbitration hearing. Glover, 344 Ill. App. 3d at 63.

Defendant relies on Amro v. Bellamy, 337 Ill. App. 3d 369 (2003), to support his argument that the debarment sanction should be reversed. In Amro, the defendant failed to comply with discovery deadlines and the trial court barred him from testifying at arbitration. Amro, 337 Ill. App. 3d at 370. At the mandatory arbitration hearing, the defendant made

opening and closing statements and cross-examined plaintiff, but did not present any evidence or testimony. The trial court ordered that the defendant was debarred from rejecting the arbitration award " 'because of sanctions for failure to comply with discovery.' " Amro, 337 Ill. App. 3d at 371.

On appeal, the Amro court held that the trial court had abused its discretion in barring rejection. The court referred to the facts that the arbitration panel did not find and found the record did not show that the defendant had participated in the hearing in bad faith. Amro, 337 Ill. App. 3d at 372. Further, the court held that the trial court erred in imposing sanctions because the language of the trial court's debarment order indicated that "[c]learly the [trial] court debarred defendant from rejecting the arbitration award on the basis of his conduct *before* the hearing, which it cannot do." (Emphasis in original.) Amro, 337 Ill. App. 3d at 372. We point out that Amro failed to consider the decision in Eichler, which held that a party's failure to comply with, vacate, or modify an order barring testimony at arbitration in the three-month time period between the sanction order and arbitration indicated that the party never intended to participate at the arbitration hearing in good faith. Eichler, 318 Ill. App. 3d at 792.

The contrary decisions in Glover and Amro were weighed by this court in Anderson. Anderson presented the same fact situation where the defendants failed to comply with discovery and as a result were barred from testifying and presenting evidence at arbitration. Anderson, 354 Ill. App. 3d at 86. The defendants sought to reject an unfavorable arbitration award, but the trial court debarred them from rejecting the arbitration award because they failed to participate in a good-faith manner and failed to explain their failure. Anderson, 354 Ill. App. 3d at 87.

After reviewing the decisions in <u>Glover</u> and <u>Amro</u>, the <u>Anderson</u> court concluded that the reasoning of <u>Glover</u> was more persuasive. <u>Anderson</u>, 354 Ill. App. 3d at 89. "In determining whether Rule 91(b) sanctions are appropriate, failing to consider violations that occurred outside of, but directly impacted, the hearing 'undermine[s] the spirit and purpose of Rule 91(b) and the mandatory arbitration system as a whole.' <u>Glover</u>, 344 Ill. App. 3d at 62. We must be conscious of the fact that a litigant who fails to modify, vacate, or comply with sanctions imposed due to a discovery violation that occurs outside of the arbitration hearing may be incapable of participating in the arbitration in a meaningful manner." <u>Anderson</u>, 354 Ill. App. 3d at 89.

We agree with the decisions in <u>Glover</u> and <u>Anderson</u>. Defendant's failure to rectify his deficient discovery participation during the four months between the trial court's sanction order and the arbitration hearing resulted in his debarment of rejecting the arbitration award. Defendant offers no explanation why he failed to reschedule the June 25, 2004, deposition but rather focuses on the circumstances of the cancelled deposition from June 8, 2004. This argument is merely an attempt to shift the court's attention away from his failure to appear at the June 25, 2004, deposition. Here, as in <u>Glover</u> and <u>Anderson</u>, defendant created his own problems by failing to comply with discovery and then further added to those problems by failing to take any action to correct the sanctions imposed against him.

Further, defendant's attempts to distinguish <u>Glover</u> and <u>Anderson</u> are disingenuous. Defendant asserts that those cases do not control because "the arbitrators did not find that the defendant participated in the arbitration in good faith and in a meaningful manner," whereas the arbitrators made an express written finding that all parties participated in good faith. While

1-05-1035

Glover and Anderson do not state that the arbitrators made a finding of good faith, both cases noted that the arbitrators did not make a finding of bad faith. See Glover, 344 Ill. App. 3d at 60; Anderson, 354 Ill. App. 3d at 86. Additionally, Glover pointed out that "[a] bad-faith finding by an arbitration panel is not a prerequisite to entry of a debarment order by the trial court," and that an arbitrator's finding is only *prima facie* evidence and not an "irrebuttable presumption." Glover, 344 Ill. App. 3d at 63. Defendant also attempted to distinguish Glover and Anderson by saying that "unlike in the foregoing cases [which included Glover and Anderson], the sanctioned party appeared in person and by counsel at the arbitration." Nothing in Glover or Anderson says that the defendants failed to appear at arbitration; rather, both cases state that the defendants' attorneys presented opening and closing statements and cross-examined the plaintiffs, just as defendant's counsel did in the present case. See Glover, 344 Ill. App. 3d at 60; Anderson, 354 Ill. App. 3d at 86.

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

CAHILL, P.J. and BURKE, J., concur.