JUSTICE ROBERT E. GORDON, dissenting: I respectfully disagree with the majority in this case in affirming the barring of defendant Howard’s rejection of the arbitration award. The facts in this case illustrate that the defendants admitted negligence in a personal injury action at arbitration, and as a result, the only issues that remained were causation and damages. The trier of fact had to decide what injuries and damages, if any, were proximately caused by defendants’ admitted negligence. Defendant Revelie, the owner of the auto involved in the collision, failed to answer plaintiff’s interrogatories or appear for a discovery deposition. Defendant Howard, the driver, appeared for his deposition, but failed to answer plaintiff’s interrogatories. The trial court ordered a discovery schedule with a self-executing order that stated that defendants’ failure to comply with discovery would bar defendants from testifying or presenting evidence at arbitration or trial. At arbitration, both defendants were present and Howard admitted negligence. An award was entered for plaintiff against defendant Howard, only. The arbitrators noted that the defendants were prevented from presenting evidence for their failure to comply with discovery, but found that all parties participated in good faith. Defendants filed a timely rejection of the award. Defendants then moved in the trial court to vacate the discovery order sanction, and plaintiff moved to bar defendants’ rejection under Supreme Court Rule 91(b). Supreme Court Rule 91(b) provides that all parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. The failure to do so permits a court to impose sanctions, including debarring the offending party from rejecting the award. Amro v. Bellamy, 337 Ill. App. 3d 369, 785 N.E.2d 939 (2003). The majority concludes that Amro “stands for the proposition that the defiance of a court order to compel discovery in anticipation of an arbitration hearing cannot serve as the ground for a subsequent order debarring rejection of an arbitration award.” (Emphasis added.) 376 Ill. App. 3d at 491. However, the court in Amro never used the word “defiance”; what it did say was, “There is no evidence in the record demonstrating that any conduct of defendant during the arbitration hearing served as an appropriate basis for debarring rejection.” Amro, 337 Ill. App. 3d at 372. There was no defiance in Amro and certainly none in the case at bar. In fact, in the Amro case, this court reversed the trial court for debarring rejection by a defendant for discovery violations, finding that the defendant participated in the proceedings in good faith and in a meaningful manner by presenting opening statements, cross-examining the plaintiff, and making closing arguments even though the defendant was barred from testifying or presenting evidence. Amro, 337 Ill. App. 3d at 372. The majority relies on Lopez v. Miller, 363 Ill. App. 3d 773, 844 N.E.2d 1017 (2006), where this court affirmed a barring of the rejection of an arbitration award after a defendant was barred from presenting evidence for failure to comply with discovery. The Lopez decision is distinguishable from the case at bar. In Lopez, negligence was at issue and the defendant failed to comply with written discovery as well as provide a discovery deposition. The failure to provide necessary discovery in a case where negligence is at issue is an important difference between the Lopez case and the case at bar. In this case, defendant Howard provided his discovery deposition and during that process plaintiff had the opportunity to ask him all of the questions that defendant failed to answer in the written interrogatories. Generally, discovery as to a defendant is not necessary for arbitration or trial by the plaintiff when negligence is admitted. The point of Rule 91(b) that the majority is greatly concerned with, and rightfully so, is to “prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process.” State Farm Insurance Co. v. Kazakova, 299 Ill. App. 3d 1028, 1033, 702 N.E.2d 254 (1998). Mandatory arbitration was created, amongst other reasons, for judicial economy and to decrease the cost of litigation for the parties. The facts in this case do not indicate that defendant Howard’s conduct in not answering plaintiffs written interrogatories was an abuse of the arbitration process or that it affected the integrity of that process. The mere failure of not answering interrogatories without a showing as to why they are needed in an admitted negligence personal injury case by itself is not enough to illustrate that defendant Howard was not acting in good faith. As a result, the trial court abused its discretion in barring defendant Howard’s rejection of the arbitration award. In sum, there is an abuse of the circuit court’s discretion in determining that defendant Howard participated in the arbitration hearing in bad faith.