27 July 1999

No. 3--98--0478

  
                                                                 

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

EASTER SEAL REHABILITATION   )  Appeal from the Circuit Court

CENTER FOR WILL-GRUNDY        )  of the 12th Judicial Circuit,

COUNTIES, INC.                   )  Will County, Illinois
      

   )  

       Plaintiff-Appellee,   )

                                 )

      v.                         )  No. 97-SC-11033

                                 )

                                 )  

CURRENT DEVELOPMENT   )

CORPORATION,   ) Honorable

                                 )  Thomas Feehan

   )  Thomas Ewert

       Defendants-Appellant.     )  Judges, Presiding.

                                                                  

PRESIDING JUSTICE HOLDRIDGE delivered the Opinion of the Court: 

                                                                   

Defendant, Current Development Board, appeals from orders of the circuit court barring it from rejecting an arbitration award entered against it and in favor of plaintiff, Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc., and denying its motion to reconsider.  At issue is whether the trial court abused its discretion in barring defendant from rejecting an arbitration award and entering judgment on the award as a sanction for failing to participate in the proceedings in good faith.  For the reasons set forth below, we reverse and remand.  

At the outset we note that the record on appeal is limited to the common law record.  Although the appellant submitted a bystander's report, it was rejected by this court as not being submitted in compliance with Supreme Court Rule 323.  We find, however, that the record is sufficiently complete to support the defendant's claim of error.  See, 
Foutch v. Obryant
, 99 Ill. 2d 389, 391-92 (1984).  

On July 25, 1997, plaintiff filed a two-count complaint, seeking $3,354.00 plus costs and attorney fees under count I, and $2,645.00 plus costs and attorney fees under count II.  The matter was placed on the arbitration calendar, and proceeded to an arbitration hearing on December 9, 1997.  At the hearing, counsel for both parties appeared.  A representative of the plaintiff appeared, but no individual appeared to testify on behalf of the defendant.  

The record indicates that the arbitration panel awarded damages to the plaintiff on count I in the amount of $4,500.00, which included $171.00 in costs and $975.00 in attorney fees.  The arbitration panel also awarded the plaintiff damages on count II in the amount of $301.87, which included no amount for costs or attorney fees.  

The record contains a purported notice of rejection of award filed on January 8, 1998.  Plaintiff alleges that it never received a copy of the notice of rejection, although the record contains a certificate of service indicating plaintiff's counsel had been served.    

On February 2, 1998, plaintiff filed a motion to quash the defendant's notice of rejection and to enter judgment on the award.  The parties appeared before the trial court on February 6, 1998, and defendant was given until Friday, February 27, 1998, to file a response to the plaintiff's motion.  However, the defendant did not file its response until Tuesday, March 3, 1998, though a copy was served on plaintiff's counsel by facsimile transmission on Monday, March 2, 1998.  

When the parties appeared before the court on Thursday, March 5, 1998, the plaintiff made an oral motion to strike the defendant's response because it had been filed two days late.  Defense counsel acknowledged filing his response two business days late, and orally sought leave to file his response late.  Defendant's motion for leave to file late was denied and plaintiff's motion to strike was granted.  Defense counsel then sought leave to orally argue the merits of plaintiff's motion, but his request was denied.  Thereafter, based upon the now unrebutted allegations in plaintiff's motion, the trial court found defendant had acted "in bad faith," granted the motion to quash the notice of rejection and entered judgment on the award.  Defendant subsequently filed a motion for reconsideration, which was denied.  This appeal ensued.

At issue is whether the trial court erred in granting plaintiff's motion to quash defendant's notice of rejection and entering judgment on the arbitration award.  Specifically, the defendant challenges the trial court's finding that it did not participate in the arbitration hearing in good faith as required by Supreme Court Rule 91(b).  

The decision whether to bar a party from rejecting an arbitration award rests with the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  
Williams v. Dorsey
, 273 Ill. App. 3d 893 (1995).  An abuse of discretion "occurs when the court rules arbitrarily or when its ruling 'exceed[s] the bounds of reason.'" 
Williams
, 273 Ill. App. 3d at 901.  

We find that the trial court abused its discretion in debarring the defendant's notice of rejection based upon a finding of bad faith.  Under Supreme Court Rule 91(b), debarment of a notice of rejection of an arbitration award for "bad faith" is appropriate only as a sanction for a party's conduct 
at hearing
.  
Webber v. Bednarczyk
, 287 Ill. App. 3d 458, 463 (1997).   As the 
Webber
 court noted:

"Without knowing everything that transpired during an arbitration hearing, it is difficult for the circuit court to make a judgment call without the assistance of the findings of the arbitration panel members.  Supreme Court Rule 91(b) does not provide for sanctions for what the parties do or do not do prior to an arbitration hearing.  The rule only concerns itself with what occurs during a hearing.  The rule attempts to ensure that all parties participate in a meaningful manner in an arbitration hearing.  The rule does not attempt to do anything more."  
Webber
, 287 Ill. App. 3d at 463. 

In the instant matter, even viewing as true the well-plead facts contained in the plaintiff's motion to quash, we find that the record does not sustain a finding that the defendant failed to participate in the hearing in good faith.  The only factual allegation concerning the defendant's conduct during the arbitration hearing contained in the plaintiff's motion to quash was a statement that the defendant's counsel appeared at the hearing with no witness or representative for the defendant.  However, it is well-settled that a party who appears at an arbitration hearing through counsel, but not in person, does not waive the right to reject the award, provided the party subjects the case against it to sufficient adversarial testing.  
Martinez v. Giamari
, 271 Ill. App. 3d 879, 882-83 (1995); 
Williams
 273 Ill. App. 3d at 900-01.

Here, the absence of any record of the arbitration hearing, the absence of a specific finding of bad faith by the arbitration panel, and the fact that the arbitration panel did not award the plaintiff the full amount sought in both counts of its complaint, all strongly support a conclusion that the defendant submitted the plaintiff's case to sufficient adversarial testing.  The trial court's finding otherwise is not supported by the record and the trial court abused its discretion in so finding.

We note that the plaintiff raises several alternative arguments to support the trial court's debarring the defendant's notice of rejection, 
i
.
e
., defendant's failure to verify its response pursuant to section 2-605 of the Illinois Code of Civil Procedure  (735 ILCS 5/2-605 (West 1996)), defendant's failure to support its response with a signed affidavit, defendant's alleged failure to timely serve plaintiff with notice of the rejection - a claim which the defendant disputes, and defendant's filing of its response two days late.  We disagree.  

Although it is unclear from the record what role these allegations played in the trial court's decision to enter judgment against the defendant, to the extent that the trial court entered judgment against the defendant as a sanction for any of these actions, we would also find an abuse of discretion.  The sanctions of dismissal of a plaintiff's action or entry of a judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation. ( 
Kubian v. Labinsky
, 178 Ill. App. 3d 191 (1988).  These drastic sanctions should not be invoked except in those cases where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority.
 Wilkins v. T. Enterprises, Inc.
, 177 Ill. App. 3d 514  (1988).  We hold that the record does not support such a drastic sanction as entry of judgment against the defendant for procedural irregularities alleged by the plaintiff.  

The order quashing the defendant's notice of rejection of the arbitration award is reversed and vacated, and the cause is remanded for further proceedings.  

Reversed and remanded.

HOLDRIDGE, P.J., with HOMER and BRESLIN, JJ., concurring.