No. 3-02-0718

_________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

JANICE ANDERSON   ) Appeal from the Circuit Court

   ) for the 14
th
 Judicial Circuit,

Plaintiff-Appellee,   ) Rock Island County, Illinois

   ) 

   ) No. 01–AR–452

   )

BRIAN MERCY,   ) Honorable Mark A. VandeWiele

   ) Judge, Presiding

Defendant-Appellant.   )

_________________________________________________________________

PRESIDING JUSTICE McDADE delivered the opinion of the court:

_________________________________________________________________

Following mandatory arbitration in a personal injury action arising from an automobile collision, an award was entered in favor of plaintiff Janice Anderson and against defendant Brian Mercy. The circuit court granted plaintiff's motion to bar defendant from rejecting the arbitration award, and later entered judgment on the award in favor of plaintiff. Defendant appealed, contending the trial court abused its discretion when it barred him from rejecting the arbitration award. For the reasons stated below, we vacate and remand. 

FACTS 

The record before us does not contain transcripts of the arbitration hearing but does, reveal the following facts. 

On November 6, 2001, plaintiff filed a negligence action, alleging injuries, following a two-car accident in which she was a passenger in a vehicle that was struck by defendant's vehicle.
 
 Because plaintiff sought less than $50,000 in damages, the matter was submitted to mandatory arbitration.

Through a letter dated April 17, 2002, defendant's counsel notified plaintiff's attorney that:

"I anticipate admitting liability and trying the case on the issue of proximate cause and damages. Unless you have some objection, I do not intend to produce my client at the arbitration hearing currently scheduled for May 23, 2002. If you have an objection, please inform me immediately and I will file the appropriate motion with the court and request that his presence be excused since he lives in Hawaii and liability is admitted."

Plaintiff did not object to defendant's absence nor did she request his presence by a Rule 237 (166 Ill. 2d R. 237) notice. 

The arbitration hearing was held on May 23, 2002. Defendant's counsel was present but defendant was not and the hearing proceeded without him. Defendant's counsel did not present either an arbitration package or any direct evidence at the arbitration hearing. The arbitrators entered an award for plaintiff and against defendant in the amount of $15,000. This award was less than the amount that plaintiff had sought. The arbitration panel made no determination that defendant had or had not participated in good faith, nor was it asked by either party to do so.  

On June 3, 2002, defendant filed his notice of rejection of the arbitration award. In response, plaintiff filed a motion to debar rejection of the award, stating that defendant presented no evidence to the arbitration panel and failed to participate in the hearing in good faith and in a meaningful manner. Defendant's response was supported by the affidavit of his attorney, who averred that the defendant actively participated in the arbitration proceedings through counsel, who cross-examined plaintiff and made a closing argument. 

On August 21, 2002, the trial court found defendant had failed to participate in good faith in the arbitration hearing and was, therefore, barred from rejecting the arbitration award. The court entered judgment in plaintiff's favor, stating in its written order: "Defendant did not present any evidence at the arbitration hearing, not one witness, not one document. Defendant deemed it too inconvenient to appear and also deemed it unnecessary to hire his own medical expert or submit any evidence via Rule 90."

Defendant timely appealed. 

ANALYSIS

The sole issue on appeal is whether the trial court erred in barring rejection of the arbitration award.
 
 A court of review will not reverse a circuit court's decision to debar a party from rejecting an arbitration award unless the decision was an abuse of discretion, that is, arbitrary or exceeding the bounds of reason. 
Schmidt v. Joseph
, 315 Ill. App. 3d 77, 733 N.E.2d 694 (2000)
.

 Parties to an arbitration proceeding have a presumptive right to reject the award unless they are subject to a sanction debarring rejection. 
Walikonis v. Halsor
, 306 Ill. App. 3d 811, 815, 715 N.E.2d 326 (1999). Pursuant to Illinois Supreme Court Rule 91 (145 Ill. 2d R. 91), there are two grounds for imposing that sanction: unexcused absence (Rule 91(a)), and lack of good faith and meaningful participation (Rule 91(b)). 

First, Rule 91(a) provides in part: "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the reward." 145 Ill. 2d R. 91(a).  In the present case, defendant's counsel attended the arbitration hearing. Defendant's presence was not required under Rule 91(a) and was not mandated by notice in the present case under Rule 237 (166 Ill. 2d R. 237(b)). Therefore, the presence requirement mandated by Rule 91(a) was satisfied by the attendance of defendant's counsel.
 
Despite the court's comment that "[d]efendant deemed it too inconvenient to appear" it is clear from the order that Rule 91(a) did not provide any basis for the decision.

The circuit court may still bar rejection of the award based on lack of good-faith participation
.
 
Rule 91(b) states in pertinent part: "All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b).
 
The purpose of Rule 91(b) is to discourage parties from merely attending the arbitration hearing and refusing to participate so as to render the arbitration process meaningless. 145 Ill. 2d R. 91(b), Committee Comments. At an arbitration hearing, a party is required to subject the case to the type of adversarial testing expected at a trial. 
Schmidt
, 315 Ill. App. 3d at 84, 733 N.E.2d at 699-700. Bad faith may consist of "inept preparation or intentional disregard for the process." 
Schmidt
, 315 Ill. App. 3d at 83, 733 N.E.2d at 699. 

Plaintiff's claim of bad faith rests largely on her allegation that defendant did not present any evidence at the arbitration hearing. Defendant's trial attorney averred that he actively participated in the arbitration proceedings by cross-examining plaintiff and making a closing argument. 

Although, as a general rule, cross-examination is limited to the subject matter inquired into on direct examination, a litigant may properly develop on cross-examination circumstances lying within the witness's knowledge, which explain, discredit or destroy the witness's testimony on direct examination although they may incidentally constitute new matter that aids the cross-examiner's case. 
People v. Williams
, 66 Ill. 2d 478, 363 N.E.2d 801 (1977).
  "
For example, facts, data, and opinions which form the basis of the expert's opinion but which are not disclosed on direct examination may be developed on cross-examination." 
Neal v. Nimmagadda
, 279 Ill. App. 3d 834, 840, 665 N.E.2d 424 (1996), citing 
Piano v. Davison
, 157 Ill. App. 3d 649, 670, 510 N.E.2d 1066 (1987).  Cross-examination may also elicit, emphasize, or otherwise call the fact finder's attention to facts or opinions avoided or minimized on direct examination. Absent a transcript, the trial court was in no position to determine whether defendant had achieved any of these benefits of cross-examination. 

In this case, plaintiff moved to debar defendant's rejection of the arbitration award asserting his bad-faith participation. She, as the movant, was required to present the circuit court with a record adequate to permit a reasoned assessment of defendant's participation. She submitted neither a finding of bad faith by the arbitration panel nor a transcript from which the court could determine that defendant's cross-examination elicited no meaningful evidence. In these circumstances, we cannot responsibly countenance the circuit court's conclusion, wholly unsupported by the record, that defense counsel's cross-examination was not the presentation of evidence or agree that the only way to contest a doctor's expert testimony is by getting a contrary expert.
 

We find the case of 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 686 N.E.2d 645 (1997), to be instructive in the present matter.  The trial court barred defendants from rejecting an arbitration award, although they appeared with counsel and counsel made opening and closing statements and cross-examined the plaintiff. The trial court found that they had failed to participate in good faith by not testifying at the arbitration. The arbitrators in that case did not make a finding of bad faith. The Appellate Court, First District, reversed, holding that in the absence of either a finding by the arbitrators or a transcript of the proceedings, the trial court was not in a position to determine whether simply making an opening statement, cross-examining plaintiff, and making a closing argument constituted bad-faith participation. 
West Bend, 
292 Ill. App. 3d at 676, 686 N.E.2d at 650. 

Our conclusion is also consistent with our decision in 
Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp
., 307 Ill. App. 3d 48, 716 N.E.2d 809 (1999). In 
Easter Seal
, this court found that a trial court abuses its discretion in finding bad faith where there was no transcript and no finding of bad faith by the panel. 
Easter Seal
, 307 Ill. App. 3d at 51, 716 N.E.2d at 811. The 
Easter Seal
 plaintiff argued that because the defendant's counsel appeared at the hearing with no witness or representative for the defendant, a finding of bad faith was justified. In rejecting this argument, we reasoned:

"[t]he absence of any record of the arbitration hearing, the absence of a specific finding of bad faith by the arbitration panel, and the fact that the arbitration panel did not award the plaintiff the full amount sought in both counts of its complaint all strongly support a conclusion that the defendant submitted the plaintiff's case to sufficient adversarial testing. The trial court's finding otherwise is not supported by the record and the trial court abused its discretion in so finding." 
Easter Seal
, 307 Ill. App. 3d at 51, 716 N.E.2d at 811.  

Similarly here, the record before the trial court did not contain a transcript of the arbitration hearing. Moreover, the arbitrators did not make a finding that defendant failed to participate in good faith, nor does the award indicate noncompliance with a Rule 237 notice to produce. There is no claim that plaintiff was prejudiced or even inconvenienced in any way by defendant's failure to present evidence. Furthermore, the arbitration panel awarded damages to plaintiff in an amount less than that plaintiff had sought. Under these circumstances, we believe that entering judgment against the defendant was an abuse of discretion.
 

Cases cited by plaintiff are distinguishable.  In 
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 688 N.E.2d 1226 (1997), 
the reviewing
 
court did not determine whether the plaintiffs participated in good faith, and moreover, it did not specify what information would make it reasonable for the trial court to make a determination that a party participated in good faith and a meaningful manner. 
Hill
, 293 Ill. App. 3d at 818, 688 N.E.2d at 1229; see also 
Schmidt
, 315 Ill. App. 3d at 85-86, 733 N.E.2d at 700. 
In 
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883, 649 N.E.2d 94 (1995), the arbitrators had made a finding that the defendant had failed to participate in good faith and in a meaningful manner because defendant was an eyewitness whose participation in the arbitration hearing was probably essential, 
and
 defense counsel failed to present any evidence at the arbitration hearing. In 
Hinkle v. Womack
, 303 Ill. App. 3d 105, 707 N.E.2d 705 (1999), the defendants failed to appear at the arbitration hearing despite having been served with a sufficient Rule 237 notice, and there was no excuse for their absence. None of these circumstances are before us.
 

To the extent that 
Hinkle
 can be read to hold that limiting one's participation in arbitration to cross-examining witnesses and making an opening statement and closing argument constitutes 
per se
 bad faith and meaningless participation, we respectfully disagree and choose not to adopt that position. 

CONCLUSION

For the foregoing reasons, we find that the trial court abused its discretion in debarring defendant's rejection of the award. The judgment of the circuit court is vacated and the cause is remanded for further proceedings consistent with this opinion.

SLATER and HOLDRIDGE, JJ., concur.