ANDRE L. WALKER, Plaintiff-Appellant, v. WILLIAM J. LEWIS, Defendant-Appellee.

First District (1st Division)   No. 1—03—2924

Opinion filed September 20, 2004.

Richard M. Craig, of Law Offices of Richard M. Craig, P.C., of Chicago, for appellant.

Robert J. Lentz, of Meachum, Spahr, Cozzi, Postel & Zenz, of Chicago, for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff-appellant, Andre L. Walker, brought a negligence action for personal injuries he sustained after being struck by an automobile driven by defendant-appellee, William J. Lewis. The matter was submitted to mandatory arbitration under Supreme Court Rule 86(b). 155 Ill. 2d R. 86(b). Defendant did not appear at the arbitration hearing although Walker requested defendant's presence pursuant to Supreme Court Rule 237, which governs compelling the appearance of witnesses at arbitration hearings. See 166 Ill. 2d Rs. 237, 90(g). Defense counsel, however, appeared and participated. An arbitration

award was entered in favor of Walker in the amount of $3,000. Because the arbitration award satisfied neither party, the parties agreed that defendant would file a timely rejection of the award, which defendant did 16 days after the arbitration award was filed. Thereafter, the trial court, *sua sponte*, ordered the parties to brief the issue of whether defendant should be debarred from rejecting the arbitration award because of his absence from the arbitration hearing. Each party filed written memoranda supporting defendant's right to reject but the trial court, *sua sponte* and over the objection of both parties, entered its own order debarring defendant from rejecting the award.

Walker then filed a motion to reconsider, which was denied. He also presented a motion to adjudicate and to reduce a worker's compensation lien and a physician's lien that had been asserted against him. The trial court reduced the physician's lien, but refused to reduce the worker's compensation lien.

Walker contends on appeal that the trial court erred when it debarred defendant from rejecting the award because there was no evidence supporting the sanction, there was no petition for sanctions before the court, the sanction was too severe, and the court should not have prohibited Walker from rejecting the award. He also claims that the trial court erred when it declined to reduce the worker's compensation lien.

On April 28, 2003, the trial court, *sua sponte*, ordered the parties to file written memoranda on the issue of whether defendant should be debarred from rejecting the award because defendant did not appear at the arbitration hearing. In a response to the trial court's order, defendant admitted that he was present by defense counsel only but claimed that he meaningfully participated in the arbitration hearing because defense counsel made an opening statement, cross-examined Walker, and gave a closing argument. He also stated that Walker was not prejudiced by the defendant's absence.

In his reply to the trial court's briefing order, Walker claimed that he too was dissatisfied with the arbitration award and stood ready to reject it himself. He explained that after settlement negotiations failed, it was agreed by both parties that defendant would reject the award. Walker further requested that the court decline to bar defendant from rejecting the award.

At a hearing May 29, 2003, Walker informed the trial court that he expressly waived any sanction that might issue as a result of defendant's failure to appear at the arbitration hearing. The record reveals that this waiver was memorialized in a letter from Walker's counsel to defense counsel dated April 28, 2003. After the hearing on May 29, 2003, over the objection of both parties, the trial court entered

an order debarring defendant from rejecting the award of the arbitrators for failing to appear at the arbitration hearing pursuant to Walker's Rule 237 request. It did so on the ground that defendant's failure to appear at the arbitration violated Supreme Court Rule 91(b), which requires good-faith participation at an arbitration hearing. 145 Ill. 2d R. 91(b). On the same day, the trial court struck the previously established trial date and entered judgment on the arbitration award. It also denied Walker's oral motion to reject the award himself, finding that Walker should have timely filed an objection under Supreme Court Rule 93(a) despite the fact that defendant had already rejected the award within the requisite 30 days. See 166 Ill. 2d R. 93(a).

On June 24, 2003, Walker brought a motion to reconsider the trial court's rulings of May 29, 2003. The motion to reconsider was denied by the trial court on July 8, 2003, on the basis that no new facts or arguments were presented to the court. In the order dated July 8, 2003, the court stated that it stood "on its finding of fact that Defendant failed to participate in good faith and failed to comply with the Plaintiff's Rule 237 Notice."

On August 7, 2003, Walker filed a motion to adjudicate liens. The motion indicated that two separate liens had attached to Walker's cause; a worker's compensation lien asserted by Liberty Mutual Insurance Company, Inc. (Liberty Mutual), and a physician's lien filed by Alpha Pain Treatment Center, located in Riverside, Illinois, where Walker had been treated for his injuries over the course of several weeks. The motion asserted that because the trial court debarred defendant from rejecting the arbitration award and would not allow Walker to reject the award due to "untimeliness," Walker was stuck with a $3,000 arbitration award that "[fell] woefully short of [compensating him for] his injuries." According to Walker's motion to adjudicate, the worker's compensation lien totaled $4,337.75, $841.76 in medical bills and $3,495.99 in lost wages due to Walker's inability to work. Walker argued that the worker's compensation lien should be reduced to zero because he did not pursue a claim of lost wages and his employer denied that he missed any time from work due to the accident.

With regard to the physician's lien, Walker claimed that the lien should be reduced to 33% of the recovery under section 1 of the Physicians Lien Act (770 ILCS 80/1 (West 2000) (providing that a physician's lien shall not exceed one-third of the sum paid to the injured person on the claim)). On September 3, 2003, the trial court adjudicated the physician's lien to zero, but denied Walker's motion to adjudicate the worker's compensation lien held by Liberty Mutual. Walker appeals the trial court's orders of May 29, 2003, July 8, 2003, and September 3, 2003.

We first address whether the trial court abused its discretion when it *sua sponte* debarred defendant from rejecting the arbitration award. A trial court has the discretion to determine whether to bar a party from rejecting an arbitration award and that decision will not be disturbed on appeal absent an abuse of discretion. *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 50, 716 N.E.2d 809 (1999). An abuse of discretion is found " 'when the court rules arbitrarily or when its ruling "exceed[s] the bounds of reason." ' [Citation.]" *Easter Seal Rehabilitation Center*, 307 Ill. App. 3d at 50.

Walker argues, among other things, that the trial court abused its discretion when it debarred defendant from rejecting the arbitration award because there was no evidence supporting the sanction and there was no petition for sanctions before the court. These arguments are unopposed by defendant, who did not file a response brief on appeal. As noted above, the trial court's basis for debarring defendant from rejecting the arbitration award was the trial court's finding that defendant acted in bad faith in violation of Rule 91(b) by failing to appear at the arbitration hearing pursuant to Walker's Rule 237 request.

■ Rule 91(b) provides in relevant part:

> "All the parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner *and a court, when presented with a petition for sanctions* or remedy therefor, *may order sanctions* as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." (Emphasis added.) 145 Ill. 2d R. 91(b).

A party is required to "participate in an arbitration hearing in good faith by subjecting the case to the type of adversarial testing expected at a trial." *State Farm Insurance Co. v. Harmon*, 335 Ill. App. 3d 687, 690, 781 N.E.2d 335 (2002). A party acts in bad faith "where its actions amount to a deliberate and pronounced disregard for the rules and the court." *Harmon*, 335 Ill. App. 3d at 690. "Bad faith may consist of inept preparation or intentional disregard for the process." *Harmon*, 335 Ill. App. 3d at 690

For the following reasons, we conclude that the trial court abused

its discretion in debarring defendant from rejecting the arbitration award.

We first find that there was no evidence supporting the sanction in this case. The analysis in *Anderson v. Mercy*, 338 Ill. App. 3d 685, 788 N.E.2d 765 (2003), is instructive here. In *Anderson*, the plaintiff sued the defendant as the result of an automobile collision. The matter was submitted to mandatory arbitration. Prior to the arbitration hearing, defense counsel informed the plaintiff's attorney that he did not intend to produce his client (the defendant) because he anticipated admitting liability. The plaintiff did not object to the defendant's absence and did not request his presence at the hearing pursuant to Rule 237. An arbitration hearing was held and the defendant was not present although he was represented by defense counsel. Defense counsel did not present an arbitration package under Rule 90(c) and did not present any direct evidence at the arbitration hearing. The arbitrators entered an award on behalf of the plaintiff and made no finding that the defendant acted in bad faith.

The defendant then rejected the arbitration award and the plaintiff responded by filing a motion to debar the defendant's rejection on the basis that the defendant presented no evidence to the arbitration panel and failed to participate at the arbitration hearing in good faith. Defendant responded by asserting that he actively participated in the arbitration proceedings through counsel, who indicated by affidavit that he cross-examined plaintiff and made a closing argument. The trial court found that defendant failed to participate in good faith at the arbitration hearing and he was barred from rejecting the award. The trial court reasoned that the defendant did not present any evidence at the arbitration hearing and " 'deemed it too inconvenient' " to appear. *Anderson*, 338 Ill. App. 3d at 688.

The issue on appeal was whether the trial court erred in barring the defendant from rejecting the arbitration award. The appellate court noted the well-established principle that "bad faith" in the context of an arbitration proceeding consists of " 'inept preparation or intentional disregard for the process.' [Citation.]" *Anderson*, 338 Ill. App. 3d at 689. In disposing of the issue, the court considered the following factors: the record before the trial court did not contain a transcript of the arbitration hearing; the arbitrators did not make a finding that the defendant failed to participate in good faith, nor did the award indicate noncompliance with a Rule 237 notice to produce; and there was no claim that the plaintiff was prejudiced or inconvenienced by the defendant's failure to present evidence. Citing *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 676, 686 N.E.2d 645 (1997), the appellate court found that in the absence of

either a bad-faith finding by the arbitrators or a transcript of the proceedings, the trial court was not in a position to determine whether defense counsel's opening statement, cross-examination of the plaintiff, and closing statement constituted bad-faith participation based on failure to present evidence. *Anderson*, 338 Ill. App. 3d at 690. Thus, the court concluded that the trial court abused its discretion in debarring the defendant from rejecting the award. *Anderson*, 338 Ill. App. 3d at 691.

■ We find the facts in *Anderson* are similar to those in the instant case. Significantly, the arbitrators here, like the panel in *Anderson*, did not find that the defendant failed to participate in good faith. Although no Rule 237 request was made in *Anderson*, here, the arbitrators were aware of defendant's absence despite a Rule 237 request, yet the arbitrators made no bad-faith finding in the arbitration award. Thus, there was no *prima facie* evidence that the defendant failed to participate in good faith under Rule 91(b). 145 Ill. 2d R. 91(b).

Further, there was no evidence that the defendant's participation here amounted to inept preparation or intentional disregard for the arbitration process. The response and reply to the trial court's motion filed by the defendant and Walker, respectively, indicated these facts. The defendant did participate in the arbitration hearing by making an opening statement, cross-examining Walker, and making a closing argument. Defendant claimed that Walker was not prejudiced by his failure to appear.

The lack of prejudice is supported by the fact that Walker requested the court not to bar defendant from filing the rejection. At the hearing on the trial court's motion on May 29, 2003, Walker indicated that he waived the imposition of any sanction based on defendant's failure to appear at the arbitration hearing and that such waiver was memorialized in a letter to defense counsel dated April 28, 2003.

Despite the claims of not only defendant, but also Walker, the trial court on its own debarred defendant from rejecting the award apparently based on the "classic example of party(s) attempting to treat [the] arb[itration] process as merely another hurdle to be overcome before trial," and "no meaningful participation + 237 violation." These findings, however, are based upon conclusions and the trial court relied upon no evidence indicating defendant's inept preparation or intentional disregard for the arbitration process.

Like *Anderson*, here, the record does not show that the trial court had a transcript of the arbitration hearing at the time it entered its order. Without the benefit of that transcript, the trial court had no way of determining whether defense counsel's participation at the

arbitration hearing by making an opening statement, cross-examining Walker, and making a closing argument amounted to bad faith. Further, there is no claim by either party that Walker was prejudiced, or even inconvenienced, by defendant's failure to appear at the arbitration hearing. We therefore find that there was no evidence supporting the trial court's finding of bad faith and the sanction imposed.

Moreover, we note that a trial court's finding of bad-faith participation without the benefit of a transcript of the arbitration proceedings and without a prior finding of bad faith by the arbitration panel has been discouraged. See *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 674, 686 N.E.2d 645 (1997).

We also interpret Rule 91(b), set forth above, to mean that sanctions should be entered when a litigant presents a petition for sanctions, not on the court's own motion. Specifically, we construe the language, "a court, when presented with a petition for sanctions," in Rule 91(b) to mean that a court may enter sanctions when a litigant presents the court with a petition for sanctions. 145 Ill. 2d R. 91(b). We do not read the rule to mean that a trial court may, *sua sponte*, debar a party from rejecting an arbitration award where no party has presented a petition for sanctions. Our research has revealed no decision where a reviewing court has affirmed a trial court's *sua sponte* sanction debarring a party from rejecting an arbitration award where no petition for sanctions was made by either party. However, our construction of Rule 91(b) is supported by other decisions interpreting Supreme Court Rule 92(c), a companion rule in the Illinois arbitration system. 155 Ill 2d. R. 92(c).

Specifically, the appellate court has determined it is error for a trial court to enter judgment on an arbitration award *sua sponte* under Rule 92(c) because Rule 92(c) places the obligation on the parties to bring the motion for judgment on the award. *Lollis v. Chicago Transit Authority*, 238 Ill. App. 3d 583, 585, 606 N.E.2d 479 (1992); *George v. Ospalik*, 299 Ill. App. 3d 888, 891, 702 N.E.2d 982 (1998).

In *Lollis*, the plaintiff filed a personal injury action against the defendants, the Chicago Transit Authority (CTA) and its driver employee, when a bus driven by the defendant employee, and on which the plaintiff was a passenger, stopped suddenly. The action went to mandatory arbitration and an award was handed down in favor of the defendants. The plaintiff rejected the arbitration award under Supreme Court Rule 93(a) (166 Ill. 2d R. 93(a)) and the matter was set for trial. On the trial date, the plaintiff's counsel indicated the plaintiff was "not ready" for trial because the plaintiff was incarcerated and the plaintiff's counsel requested a continuance. The trial court denied the plaintiff's request and found that the plaintiff had not adequately

preserved his right to reject the arbitration award for the defendants, given the plaintiff's inability to proceed to trial. The trial court then entered judgment on the arbitrators' award in favor of the defendants. The plaintiff, in two separate motions, sought to vacate the trial court's order but the motions were denied. The plaintiff appealed, claiming that the trial court erred when it found that the plaintiff had not adequately preserved his rejection of the arbitration award because he was not prepared to go to trial and that the subsequent judgment on the award amounted to a prejudicial disposition of the action.

On review, the appellate court found that the trial court erred in entering judgment on the award *sua sponte*. *Lollis*, 238 Ill. App. 3d at 585. Specifically, the court stated that Rule 92(c) "places the obligation on the parties to bring the motion; it makes no provision for the court to enter judgment on its own motion." *Lollis*, 238 Ill. App. 3d at 585. It also found that Rule 92(c) permits entry of judgment on the arbitrators' award only if no party rejects it and that the plaintiff had complied with the requirements of Rule 93(a) in rejecting the arbitration award. *Lollis*, 238 Ill. App. 3d at 585-86. Based on these two errors, the trial court was reversed. *Lollis*, 238 Ill. App. 3d at 588.

In *George*, cited above, the plaintiffs brought a personal injury and property damage action against the defendant as the result of an automobile accident. A mandatory arbitration hearing was held and the arbitrators ruled in favor of the defendant and against the plaintiffs. On the same day as the arbitration hearing, the trial court entered an order setting the case for status report on October 27, 1997. The order stated that if a rejection of the arbitration award had not been filed by the status date, a judgment would be entered pursuant to the award of the arbitrators and neither party was required to appear. No rejection of the arbitration award was filed by October 27, 1997. On the status date, the plaintiffs filed a motion to voluntarily dismiss the case. The motion was denied and the trial court entered judgment in favor of the defendant on the arbitration award.

On appeal, the plaintiffs claimed that the trial court erred in entering judgment on the arbitration award *sua sponte*. They argued that a trial court could only enter a judgment on an arbitration award pursuant to a motion by a party under Rule 92(c). Based on the language in Rule 92(c) and *Lollis*, the *George* court concluded that Rule 92(c) places the obligation on the parties to bring a motion to enter judgment on the award and it does not allow a trial court to enter a judgment on its own motion. *George*, 299 Ill. App. 3d at 891.

While we acknowledge that *Lollis* and *George* did not involve Rule 91(b), the *Lollis* court indicated that the arbitration rules are a "comprehensive package of rules" promulgated to create the manda-

tory arbitration system in Illinois and these rules "cannot [be] read" "in a vacuum; we must attempt to harmonize [them] as a unified body of law. [Citations.]" *Lollis*, 238 Ill. App. 3d at 587. See also *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 884, 649 N.E.2d 94 (1995). Given the requirement that we interpret the arbitration rules harmoniously, we conclude that if a court may not enter judgment on an award *sua sponte* under the language of Rule 92(c), it is likewise improper for a trial court to move to debar a litigant from rejecting an arbitration award *sua sponte* in the absence of a petition for sanctions filed by a moving party under Rule 91(b).

We note that the construction of Supreme Court Rule 90(g) (166 Ill. 2d R. 90(g)) in other appellate court decisions does not conflict with our finding that Rule 91(b) requires a litigant to present a petition for sanctions. Rule 90(g), which involves compelling the appearance of a witness at a hearing, states:

> "The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." 166 Ill. 2d R. 90(g).

In several decisions, the appellate court has determined that it is within the trial court's authority under Rule 90(g) to bar a party from rejecting an award as a sanction for failing to comply with a notice to appear under Rule 237(b). *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1082, 689 N.E.2d 171 (1997); *State Farm Insurance Co. v. Gebbie*, 288 Ill. App. 3d 640, 643, 681 N.E.2d 595 (1997); *Williams v. Dorsey*, 273 Ill. App. 3d 893, 900-01, 652 N.E.2d 1286 (1995). However, none of these cases involved a trial court's *sua sponte* sanction barring a defendant from rejecting an arbitration award. Instead, the trial court in each of these cases, under its Rule 90(g) authority, imposed a sanction barring the defendant from rejecting the arbitration award pursuant to a motion brought by the plaintiff. *Bachmann*, 293 Ill. App. 3d at 1080; *Gebbie*, 288 Ill. App. 3d at 642; *Williams*, 273 Ill. App. 3d at 896. And in each of these cases, the appellate court found the trial court did not abuse its discretion in so doing. *Bachmann*, 293 Ill. App. 3d at 1082; *Gebbie*, 288 Ill. App. 3d at 644; *Williams*, 273 Ill. App. 3d at 901. Because none of these cases involved the *sua sponte* action of the trial court, they are distinguishable and do not frustrate our construction of Rule 91(b) in the instant case.

For the reasons above, we find that the trial court abused its discretion in its *sua sponte* order barring defendant from rejecting the

arbitration award. Because of this finding, we need not address the additional arguments raised by Walker.

Additionally, because we reverse the trial court and remand this case for trial, the second issue, regarding Walker's motion to adjudicate, is moot because we are vacating the judgment award. An issue becomes moot "if the interests and right of the parties are no longer in controversy and the resolution of the issue will have no practical effect. [Citation.]" *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 806 N.E.2d 1273 (2004). Liberty Mutual concedes this point in its "Brief of Lienholder." We therefore need not address this question.

The trial court's orders of May 29, 2003, July 8, 2003, and September 3, 2003, are reversed and the case is remanded for trial.

Reversed and remanded for trial.

CAHILL, P.J., and GORDON, J., concur.