FIRST DIVISION
September 28, 2007

No. 1-06-0119

| | | |
|---|---|---|
| LYDA CAMPUZANO, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 04 M 1301797 |
| | ) | |
| HOWARD PERITZ and REVELIE PERITZ, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Defendants Howard and Revelie Peritz appeal a circuit court order barring them under Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) from rejecting an arbitration award in favor of plaintiff Lyda Campuzano. Defendants challenge the appropriateness of the sanction and the constitutionality of Rule 91(b). We affirm.

The parties were involved in a car accident. Plaintiff filed a negligence action alleging defendants were at fault. The case was assigned to mandatory arbitration and a discovery deadline was set for November 29, 2004. Plaintiff filed written discovery requests and notices to take defendants' depositions. Defendants did not respond to the discovery requests, prompting plaintiff to file a motion to compel. On October 25, 2004, the trial court entered a written order granting plaintiff's motion to compel and ordering defendants to appear for depositions by November 15, 2004, and answer plaintiff's interrogatories by November 8, 2004 (discovery

order). The trial court wrote that failure to comply with discovery would result in an order barring defendants from testifying or presenting evidence at the arbitration and at trial. Defendant Howard, who was driving the car that hit plaintiff, appeared for his deposition on November 11, 2004. Defendant Revelie did not appear at her deposition. Both defendants failed to answer plaintiff's interrogatories.

An arbitration hearing was held on April 5, 2005. Both defendants were present and admitted negligence. The arbitrators noted the defendants were prevented from presenting evidence for failure to comply with discovery but concluded that all parties participated in the arbitration in good faith. An award was entered for plaintiff and against Howard.

On June 22, 2005, defendants moved in the trial court to vacate the discovery order sanctioning their failure to comply with plaintiff's discovery requests. Plaintiff responded by arguing the sanction was appropriate and moving to bar defendants' rejection of the arbitration award under Rule 91(b). Plaintiff argued defendants failed to participate at the arbitration in a meaningful manner due to the discovery order, which barred them from presenting evidence at the arbitration. The trial court denied defendants' motion to vacate, granted plaintiff's motion to bar rejection of the award and entered judgment on the award. Defendants appeal.

A trial court's decision to bar a party from rejecting an arbitration award is generally reviewed for an abuse of discretion. Zietara v. DaimlerChrysler Corp., 361 Ill. App. 3d 819, 822, 838 N.E.2d 76 (2005). Where the decision turns solely on a question of law, *de novo* review will apply. Zietara, 361 Ill. App. 3d at 822.

Rule 91(b) reads:

2

1-06-0119

"Good-Faith Participation. All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." 145 Ill. 2d R. 91(b).

The rule requires that parties participate in an arbitration hearing in good faith by subjecting the case to the type of adversarial testing that would be expected at a trial. Walker v. Lewis, 352 Ill. App. 3d 952, 956, 817 N.E.2d 928 (2004). A party fails to participate in good faith where its actions amount to a deliberate disregard for the court and the rules. Walker, 352 Ill. App. 3d at 956.

Defendants first argue debarment is inappropriate here because the arbitrators expressly found that the parties acted in good faith and there is no transcript of the arbitration hearing for the trial court to conclude otherwise. Defendants cite West Bend Mutual Insurance Co. v. Herrera, 292 Ill. App. 3d 669, 674, 686 N.E.2d 645 (1997) (discouraging trial courts from finding bad faith where there has been no such finding by the arbitrators and where the trial court does

3

not have the benefit of a transcript from the arbitration hearing); see also Walker, 352 Ill. App. 3d at 959 (citing West Bend for the same proposition); Ruback v. Doss, 347 Ill. App. 3d 808, 815, 807 N.E.2d 1019 (2004) (same). Plaintiff responds that those cases are distinguishable on the ground that defendants here failed to comply with the trial court's discovery order and were barred from testifying or presenting other evidence at the arbitration hearing as a result. Plaintiff cites Lopez v. Miller, 363 Ill. App. 3d 773, 844 N.E.2d 1017 (2006).

The defendant in Lopez was barred from testifying or presenting other evidence at the arbitration hearing for failing to comply with discovery. Lopez, 363 Ill. App. 3d at 775. Both parties appeared at the arbitration, and although the defendant was barred from presenting evidence, the arbitrators found he participated in good faith. Lopez, 363 Ill. App. 3d at 776. An award was entered for the plaintiff and the defendant moved to reject the award. Lopez, 363 Ill. App. 3d at 776. The plaintiff moved to bar rejection under Rule 91(b) on the ground the defendant failed to comply with the trial court's order compelling him to be deposed. Lopez, 363 Ill. App. 3d at 776. The trial court granted the plaintiff's motion and barred the defendant from rejecting the award. Lopez, 363 Ill. App. 3d at 776-77. The appellate court affirmed, saying the "[d]efendant's failure to rectify his deficient discovery participation during the four months between the trial court's sanction order and the arbitration hearing resulted in his debarment of rejecting the arbitration award." Lopez, 363 Ill. App. 3d at 779. The court concluded the "defendant created his own problems by failing to comply with discovery and then further added to those problems by failing to take any action to correct the sanctions imposed against him." Lopez, 363 Ill. App. 3d at 779. See also Anderson v. Pineda, 354 Ill. App. 3d 85, 89, 819 N.E.2d

1157 (2004) ("a litigant who fails to modify, vacate, or comply with sanctions imposed due to a discovery violation that occurs outside of the arbitration hearing may be incapable of participating in the arbitration in a meaningful manner"); Glover v. Barbosa, 344 Ill. App. 3d 58, 800 N.E.2d 519 (2003) (the defendant's failure to comply with prearbitration discovery order and to move to modify or vacate the trial court order preventing her from testifying or presenting evidence at arbitration hearing were sufficient grounds to bar the defendants' later rejection of the award).

Defendants argue Lopez is distinguishable because defendant Howard *was* deposed before the arbitration hearing. Defendants also maintain that plaintiff could have obtained answers to written discovery through other means. Defendants overlook the rationale for debarment. They failed to comply with the trial court's discovery order. As a result, they were barred from testifying or presenting other evidence at the arbitration hearing and could not participate in a meaningful manner. The duty was on defendants to comply with all, not part, of the trial court's order.

Defendants argue their failure to comply with the trial court's discovery order did not prejudice plaintiff and should not have resulted in debarment. Again, the rule is not concerned with the prejudice to one party caused by another party's failure to comply with discovery. The point of Rule 91(b) is to "prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process." State Farm Insurance Co. v. Kazakova, 299 Ill. App. 3d 1028, 1033, 702 N.E.2d 254 (1998), citing 145 Ill. 2d R. 91(b), Committee Comments, at 1xx. The appropriate inquiry is whether defendants participated in arbitration in good faith and in a meaningful manner. 145 Ill. 2d R. 91(b).

Defendants next argue debarment was inappropriate because their failure to comply with discovery occurred outside of arbitration. This argument was addressed in <u>Anderson</u>. The court held that "[i]n determining whether Rule 91(b) sanctions are appropriate, failing to consider violations that occurred outside of, but directly impacted, the hearing 'undermine[s] the spirit and purpose of Rule 91(b) and the mandatory arbitration system as a whole' " <u>Anderson</u>, 354 Ill. App. 3d at 89, quoting <u>Glover</u>, 344 Ill. App. 3d at 62. We agree with this reasoning.

We also agree with the <u>Lopez</u> court that a party may be barred from rejecting an arbitration award if that party fails to comply with discovery and, as a result, is barred from presenting evidence at the arbitration. This is the precise evil Rule 91(b) is intended to curtail. A party does not participate in an arbitration in good faith and in a meaningful manner when he fails to comply with prearbitration discovery.

Defendants next argue debarment is an unreasonably harsh sanction under these facts. "We will not disturb sanctions imposed by a trial court under Rule 91(b) absent a showing of an abuse of discretion. [Citation.] A trial court abuses its discretion by acting in an arbitrary manner or exceeding the bounds of reason in imposing sanctions." <u>Anderson</u>, 354 Ill. App. 3d at 89. We believe the trial court acted within its discretion by barring defendants from rejecting the award in light of defendants' failure to comply with the discovery order. See <u>Anderson</u>, 354 Ill. App. 3d at 89.

Defendants next argue they were denied their right to a jury trial by the imposition of Rule 91(b) sanctions. This argument was addressed in <u>Williams v. Dorsey</u>, 273 Ill. App. 3d 893, 904, 652 N.E.2d 1286 (1995). The court there said:

> "[T]he rules governing mandatory arbitration do not foreclose a litigant's access to court and to a jury trial. *** [A] party may reject an arbitration award for any reason. However, in the context of an arbitration proceeding, just as at trial, a party may lose the right to proceed with a jury trial as a sanction for violating certain rules." Williams, 273 Ill. App. 3d at 904.

We agree and reject defendants' argument on this ground. See also Government Employees Insurance Co. v. Buford, 338 Ill. App. 3d 448, 788 N.E.2d 90 (2003).

Defendants' final argument is a challenge to the constitutionality of Rule 91(b). Defendants contend Rule 91(b) is unconstitutionally vague because it does not define the type of conduct that will warrant sanctions. "Supreme court rules are to be construed in the same manner as statutes." People v. Guttendorf, 309 Ill. App. 3d 1044, 1047, 723 N.E.2d 838 (2000); see also 134 Ill. 2d R. 2. Statutes are presumed constitutional and the party challenging a statute has the burden of clearly rebutting that presumption. Unzicker v. Kraft Food Ingredients Corp., 203 Ill. 2d 64, 85, 783 N.E.2d 1024 (2002). The constitutionality of a statute presents a question of law and is reviewed *de novo*. Unzicker, 203 Ill. 2d at 85-86.

"A legislative act that is so vague, indefinite and uncertain that the courts are unable, by accepted rules of construction, to determine with any reasonable degree of certainty what the legislature intended will be declared to be void." Unzicker, 203 Ill. 2d at 94. When faced with a vagueness challenge, a court may consider the language of the statute and the legislative objective or evil the statute is designed to remedy. Unzicker, 203 Ill. 2d at 94. A statute is unconstitutionally vague when people of ordinary intelligence must guess at its meaning. See

Unzicker, 203 Ill. 2d at 94.

Defendants cite appellate court decision interpreting Rule 91(b) differently. Compare Amro v. Bellamy, 337 Ill. App. 3d 369, 372, 785 N.E.2d 939 (2003) (holding a party's prearbitration conduct cannot be considered when deciding whether to impose Rule 91(b) sanctions), with Anderson, 354 Ill. App. 3d at 89 (disagreeing with Amro), and Lopez, 363 Ill. App. 3d at 778-79 (same). The fact that various courts interpret a statute differently does not mean that the statute is unconstitutionally vague. Unzicker, 203 Ill. 2d at 95. "If that were the test, few statutes would remain on the books." Unzicker, 203 Ill. 2d at 95.

We believe Rule 91(b) is sufficient in definiteness that people of ordinary intelligence may discern its meaning. The rule requires that "[a]ll parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b). As this court observed in Anderson and Glover, "failing to consider violations that occurred outside of, but directly impacted, the hearing 'undermine[s] the spirit and purpose of Rule 91(b) and the mandatory arbitration system as a whole.' " Anderson, 354 Ill. App. 3d at 89, quoting Glover, 344 Ill. App. 3d at 62.

The dissent cites Amro, which stands for the proposition that the defiance of a court order to compel discovery in anticipation of an arbitration hearing cannot serve as the ground for a subsequent order debarring rejection of an arbitration award. Amro, 337 Ill. App. 3d at 372. The rationale offered in Amro was that a debarment order must be based on behavior at the arbitration hearing, not conduct outside the hearing. Amro, 337 Ill. App. 3d at 372. The court cited Webber v. Bednarczyk, 287 Ill. App. 3d 458, 463, 678 N.E.2d 701 (1997), and Knight v.

Guzman, 291 Ill. App. 3d 378, 381, 684 N.E.2d 152 (1997), for support. Amro, 337 Ill. App. 3d at 372. Neither Webber nor Knight involved defiance of a court order entered to compel discovery in anticipation of an arbitration hearing. The debarment orders in both Webber and Knight were based on behavior before the arbitration hearing that could be characterized as less than enthusiastic, and on a history of rejection. In holding that open defiance of a court order entered to compel discovery in anticipation of an arbitration hearing cannot form the predicate for a debarment order, Amro stands alone. The rationale in Amro was anticipated and rejected in Eichler v. Record Copy Services, 318 Ill. App. 3d 790, 742 N.E.2d 1245 (2000), and later in Anderson, 354 Ill. App. 3d at 89, and Lopez, 363 Ill. App. 3d at 778-79, and Glover, 344 Ill. App. 3d 58.

The dissent's argument that prehearing discovery is less important when liability is admitted may well be valid. But the proper forum for that argument is the courtroom of the judge about to enter the order. There are procedural steps available to an attorney aggrieved by the entry of a nonappealable discovery order. Defiance should not be condoned as one of them.

The judgment of the circuit court is affirmed.

Affirmed.

GARCIA, J., concurs.

R.E. GORDON, J., dissents.

1-06-0119

JUSTICE ROBERT E. GORDON, dissenting:

I respectfully disagree with the majority in this case in affirming the barring of defendant Howard's rejection of the arbitration award. The facts in this case illustrate that the defendants admitted negligence in a personal injury action at arbitration, and as a result, the only issues that remained were causation and damages. The trier of fact had to decide what injuries and damages, if any, were proximately caused by defendants' admitted negligence. Defendant Revelie, the owner of the auto involved in the collision, failed to answer plaintiff's interrogatories or appear for a discovery deposition. Defendant Howard, the driver, appeared for his deposition, but failed to answer plaintiff's interrogatories. The trial court ordered a discovery schedule with a self-executing order that stated that defendants' failure to comply with discovery would bar defendants from testifying or presenting evidence at arbitration or trial. At arbitration, both defendants were present and Howard admitted negligence. An award was entered for plaintiff against defendant Howard, only. The arbitrators noted that the defendants were prevented from presenting evidence for their failure to comply with discovery, but found that all parties participated in good faith.

Defendants filed a timely rejection of the award. Defendants then moved in the trial court to vacate the discovery order sanction, and plaintiff moved to bar defendants' rejection under Supreme Court Rule 91(b).

Supreme Court Rule 91(b) provides that all parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. The failure to do so permits a court to impose sanctions, including debarring the offending party from rejecting the award.

10

Amro v. Bellamy, 337 Ill. App. 3d 369, 785 N.E.2d 939 (2003). The majority concludes that Amro "stands for the proposition that the defiance of a court order to compel discovery in anticipation of an arbitration hearing cannot serve as the ground for a subsequent order debarring rejection of an arbitration award." (Emphasis added.) Slip op. at 8. However, the court in Amro never used the word "defiance"; what it did say was, "There is no evidence in the record demonstrating that any conduct of defendant during the arbitration hearing served as an appropriate basis for debarring rejection." Amro, 337 Ill. App. 3d at 372. There was no defiance in Amro and certainly none in the case at bar.

In fact, in the Amro case, this court reversed the trial court for debarring rejection by a defendant for discovery violations, finding that the defendant participated in the proceedings in good faith and in a meaningful manner by presenting opening statements, cross-examining the plaintiff, and making closing arguments even though the defendant was barred from testifying or presenting evidence. Amro, 337 Ill. App. 3d at 372.

The majority relies on Lopez v. Miller, 363 Ill. App. 3d 773, 844 N.E.2d 1017 (2006), where this court affirmed a barring of the rejection of an arbitration award after a defendant was barred from presenting evidence for failure to comply with discovery. The Lopez decision is distinguishable from the case at bar. In Lopez, negligence was at issue and the defendant failed to comply with written discovery as well as provide a discovery deposition. The failure to provide necessary discovery in a case where negligence is at issue is an important difference between the Lopez case and the case at bar.

In this case, defendant Howard provided his discovery deposition and during that process

plaintiff had the opportunity to ask him all of the questions that defendant failed to answer in the written interrogatories. Generally, discovery as to a defendant is not necessary for arbitration or trial by the plaintiff when negligence is admitted.

The point of Rule 91(b) that the majority is greatly concerned with, and rightfully so, is to "prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process." State Farm Insurance Co. v. Kazakova, 299 Ill. App. 3d 1028, 1033, 702 N.E.2d 254 (1998). Mandatory arbitration was created, amongst other reasons, for judicial economy and to decrease the cost of litigation for the parties. The facts in this case do not indicate that defendant Howard's conduct in not answering plaintiff's written interrogatories was an abuse of the arbitration process, or that it affected the integrity of that process. The mere failure of not answering interrogatories without a showing as to why they are needed in an admitted negligence personal injury case by itself is not enough to illustrate that defendant Howard was not acting in good faith. As a result, the trial court abused its discretion in barring defendant Howard's rejection of the arbitration award.

In sum, there is an abuse of the circuit court's discretion in determining that defendant Howard participated in the arbitration hearing in bad faith.